SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
————
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
2127354132
DIRECT FAX
9177774132
EMAIL ADDRESS
SUSAN.SALTZSTEIN@SKADDEN.COM

June 12, 2022

**BY ECF**

Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:    *In re Nano-X Securities Litigation*, No. 1:21-cv-05517-RPK-PK

Dear Judge Kovner:

We represent Defendants Nano-X Imaging Ltd. ("Nanox" or "the Company"), Ran Poliakine, and Itzhak Maayan (collectively, "Defendants"), and respectfully write pursuant to this Court's February 8, 2022 Docket Order and Section IV.A. of Your Honor's Individual Practice Rules to request a pre-motion conference and identify the primary bases for Defendants' motion to dismiss the Amended Complaint ("Compl.").

***Background.***   Nanox is a development-stage company in the process of creating and manufacturing a commercial-grade digital X-ray multi-source system, which it calls the Nanox.ARC. The Company has not yet received FDA clearance for the Nanox.ARC, and has not yet manufactured and distributed its product at scale – facts which it plainly disclosed in, *inter alia*, its initial public offering and secondary public offering materials. Despite these disclosures, Plaintiff attempts to plead violations of Section 10(b) of the Securities Exchange Act of 1934 based on its own conjecture and internet search results. Plaintiff's claims fail for the following independent reasons.

***Failure to Allege An Actionable Misrepresentation.***   Plaintiff's claims fail because the Complaint does not allege any actionable false or misleading statement.

Falsity.   Plaintiff claims that Defendants' statements estimating the cost of purchasing the components for and assembling the Nanox.ARC at scale were false. (*See, e.g.*, Compl. ¶¶ 66, 68, 70, 84, 86, 91, 93.) Based on nothing more than its own purported internet searching, Plaintiff alleges that the component parts of the

Honorable Rachel P. Kovner
June 12, 2022
Page 2

Nanox.ARC cost more than Nanox's estimated cost of producing the Nanox.ARC at scale. This is insufficient for many reasons, chief among them being that Plaintiff does not allege a quoted cost for these parts *at scale*. *In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.*, No. 08 Civ. 11278(DLC), 2009 WL 4823923 (S.D.N.Y. Dec. 14, 2009) ("Allegations that are conclusory or unsupported by factual assertions are insufficient." (citation omitted)). Plaintiff also challenges Defendants' statements purportedly comparing the cost of the Nanox.ARC to the cost of CT scanners because the capabilities of the two are distinct. (*See, e.g.*, Compl. ¶¶ 73, 75, 78, 80, 82, 84, 88, 95.) However, Defendants repeatedly and publicly disclosed, including on the very first page of its IPO registration statement, that the Nanox.ARC would provide tomosynthesis imaging (as opposed to the computerized tomography imaging provided by CT scanners). Rather than pointing to a fact that was not disclosed, Plaintiff quibbles with the import of those facts. This is insufficient to plead falsity under the securities laws. *See Silsby v. Icahn*, 17 F. Supp. 3d 348, 361-62 (S.D.N.Y. 2014), *aff'd sub nom. Lucas v. Icahn*, 616 F. App'x 448 (2d Cir. 2015).[1]

Forward-Looking Statements. The Complaint also fails because the challenged statements are forward-looking statements protected by the statutory safe harbor and the bespeaks caution doctrine. (*See, e.g.*, Compl. ¶¶ 66, 68, 70, 84, 86, 91.) Here, the statements regarding cost estimates were quintessential forward-looking statements and were accompanied by meaningful cautionary language – Defendants warned that they had not yet manufactured the product at scale, and they may not be able to do so at the low costs needed to support their business model. (*See, e.g.*, Defendants' July 30, 2020 Form F-1.) And, as discussed below, Plaintiff has made no allegations that these statements were made with actual knowledge of their falsity. *See In re FedEx Corp. Sec. Litig.*, 517 F. Supp. 3d 216, 233 (S.D.N.Y. 2021).

Puffery and Opinion Statements. Further, Plaintiff's claims fail because certain challenged statements are inactionable puffery or statements of opinion. (*See, e.g.*, Compl. ¶¶ 66, 68, 80, 84, 88.) Defendants' statements touting the product as

---

[1] While Plaintiff also purports to plead a claim under Rule 10b5(a) and (c), the Complaint makes no distinction between its misrepresentation allegations and "scheme" allegations, and thus fails to identify any deceptive or manipulative act. *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 105 (2d Cir. 2021) ("At no point do [plaintiffs] articulate with precision the contours of an alleged scheme to defraud investors, or which specific acts were conducted in furtherance of it. . . . Absent some sort of enumeration of which specific acts constituted an alleged scheme in connection with the purchase or sale of securities, the Funds' claim does not comply with the applicable heightened pleading standard and cannot go forward."). Moreover, Rule 10b5(a) and (c) claims also require Plaintiff to plead scienter, *Bai v. Tegs Management, LLC*, 20cv4942 (DLC), 2022 WL 602711, at *6 (S.D.N.Y. 2022), *appeal filed*, No. 22-681, (2d Cir. Mar. 29, 2022), which, as described below, Plaintiff has failed to do.

Honorable Rachel P. Kovner
June 12, 2022
Page 3

"novel," a "game-changer" or taking the technology "generations forward" are clearly puffery and are thus not actionable. *See In re AT&T/DirecTV Now Sec. Litig.*, No. 19-CV-2892 (VEC), 2020 WL 4909718, at \*523-24 (S.D.N.Y. Aug. 18, 2020), *appeal filed*, 21-2698 (2d Cir. Oct. 27, 2021). As to the opinion statements, Plaintiff has not plausibly alleged that Defendants did not believe any of these statements when made. *See Woolgar v. Kingstone Cos., Inc.*, 477 F. Supp. 3d 193, 224-25 (S.D.N.Y. 2020).

Regulation S-K. Plaintiff's sparse, bare bones allegations under Items 303 and 105 of Regulation S-K are woefully insufficient. *See Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 258 n.27 (S.D.N.Y. 2019). And, as discussed below, Plaintiff makes no allegations that Defendants knew of any trend or risk requiring disclosure. *See Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786, 810 (S.D.N.Y. 2018).

***Failure to Allege Scienter.*** Plaintiff's claims also fail because they do not allege scienter. Plaintiff makes no allegations of motive or opportunity, only that Defendants knew or should have known that the statements were misleading. (*See* Compl. ¶¶ 102-141.) However, Plaintiff points to no information in the possession of Defendants contradicting their public statements and disclosures, which is fatal to its claims. *See Shetty v. Trivago N.V.*, 796 F. App'x 31, 35 (2d Cir. 2019).

***Failure to Allege Loss Causation.*** Plaintiff has also failed to adequately plead loss causation, which mandates dismissal of its claims. With respect to Defendants' cost estimates, the "corrective disclosures" Plaintiff relies upon – which merely disclose the existence of an SEC subpoena – do not reveal any new, previously-concealed *facts* regarding the Company's costs, but merely the existence of the subpoena. *See Canez v. Intelligent Sys. Corp.*, 19-CV-3949 (RPK) (CLP), 2021 WL 3667012, at \*9 (E.D.N.Y. Aug. 18, 2021). With respect to the Defendants' statements purportedly comparing the Nanox.ARC to CT scanners, Plaintiff does not allege a corrective disclosure, nor could they, as Nanox repeatedly disclosed the exact type of imaging the Nanox.ARC would perform.[2]

Respectfully submitted,

/s/ *Susan L. Saltzstein*

cc:     All Counsel of Record (By ECF)

---

[2] Plaintiff has also not adequately pled violations under Section 20(a) because: (1) Plaintiff fails to plead any primary liability under Section 10(b); (2) Plaintiff purports to plead primary and control person liability as to the same defendants for the same conduct; and (3) Plaintiff fails to allege how the Individual Defendants controlled any violation, other than through their positions at Nanox.