**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK<br><br><br>Hon. Rachel P. Kovner<br><br>Hon. Magistrate Judge Peggy Kuo |

**DECLARATION OF JUSTIN D'ALOIA IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Justin D'Aloia, an attorney for Lead Plaintiffs, declares as follows:

1.      I am a member in good standing of the bar of the United States District Court for the Eastern District of New York and a partner in the firm of Pomeranz LLP, counsel for Court-appointed Lead Plaintiff Davian Holdings Limited ("Davian Holdings") and lead counsel for the proposed class. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") which seeks, among other things, the preliminary approval of the proposed settlement set forth in the Stipulation of Settlement (the "Stipulation") annexed hereto as Exhibit 1.[1]

2.      I have been actively involved in all aspects of the investigation and prosecution of this case and the Parties' settlement negotiations or otherwise have knowledge thereof. I am familiar with the factual matters discussed herein and each of these facts is true and correct to the

---

[1] All capitalized terms are defined in the Stipulation, annexed hereto as Exhibit 1.

best of my knowledge, information and belief based on the evidence and other materials cited in support.

## The Settlement Agreement and Release

3.     Attached hereto as Exhibit 1 is the Stipulation, agreed to and executed by Lead Plaintiffs Davian Holdings, Derson Jolteus, and Edward Ko ("Plaintiffs"), and defendants Nano-X Imaging Ltd. ("Nano-X"), Ran Poliakine and Itzhak Maayan ("Defendants" and collectively with the Plaintiffs, the "Parties"). The Stipulation contains the following Exhibits:

- Exhibit A: [Proposed] Order Preliminarily Approving Settlement and Providing for Notice
  - Exhibit A-1: Long Form Notice
  - Exhibit A-2: Proof of Claim and Release
  - Exhibit A-3: Summary Notice of Proposed Settlement of Class Action
- Exhibit B: [Proposed] Final Judgment and Order of Dismissal
- Exhibit C: Letter motion for the Court in the *White* Action

## The Settlement was Negotiated At Arms-Length with the Assistance of an Experienced Mediator

4.     The Parties and their counsel negotiated the classwide settlement set forth in the Stipulation at arms-length, with the assistance of JAMS mediator Jed Melnick, Esq after years of litigation.

5.     On September 16, 2020, a class action was filed against Nano-X in the Eastern District of New York captioned *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355 (the "*White* Action"). *White* brought claims under Sections 10(b) and 20(a) of the Exchange Act on behalf of all investors who purchased Nano-X securities between August 21, 2020, and September 15, 2020, for alleged misrepresentations made by Defendants in the registration statement Nano-X filed with the SEC in connection with its IPO regarding its prospects for regulatory approval and about projected benefits from its purported commercial agreements. Several days later a substantially identical complaint was filed in a separate action commenced in this Court captioned *Duarte v.*

*Nano-X Imaging Ltd.*, No. 20-cv-4528 (the "*Duarte* Action"). Motions were filed to appoint a lead plaintiff and consolidate *Duarte* with *White*, which was ultimately assigned to the Honorable William F. Kuntz, II.

6. Daniel McLaughlin filed the above-captioned action (the "*In re Nano-X* Action") on October 5, 2021. On December 21, 2021, Defendants moved to have the *In re Nano-X* Action and the earlier filed *White* Action deemed related under Rule 50.3.1(d) of the Guidelines for the Division of Business Among Judges. On January 4, 2022, this Court ruled that *McLaughlin* was "not sufficiently related to . . . [*White*] and [*Duarte*] to justify reassignment" after consulting with Judge Kuntz and, accordingly, denied the motion.

7. After being appointed Lead Plaintiff in the *In re Nano-X* Action, Davian Holdings filed an amended complaint on April 12, 2022 (the "AC"). As amended, the AC sought to hold Defendants liable under Sections 10(b) and 20(a) of the Exchange Act for statements they made between August 21, 2020, and November 17, 2021 (the "Settlement Class Period"), in which they claimed their development-stage product, known as the Nanox System, (1) could be manufactured for $8,000 to $12,000 per unit; and (2) is functionally equivalent to existing imaging technology. The AC further alleged that this fraud was exposed in November 2021 when the market learned that Nano-X received a SEC subpoena and Oppenheimer Equity Research published a report critically analyzing these matters.

8. On June 3, 2022, Defendants moved before Judge Kuntz to consolidate the *In re Nano-X* Action with the *White* Action, arguing that the amendments made in the AC created new overlap with the *White* Action.

9. On July 25, 2022, Defendants moved to dismiss the claims asserted in the *In re Nano-X* Action for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil

Procedure and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA").

10.    On August 30, 2022, Judge Kuntz granted the motion by Edward Ko and Derson Jolteus to consolidate *Duarte* Action with *White* Action and appoint them as lead plaintiffs in the *White* Action.

11.    Lead Plaintiffs in the *White* Action filed an amended complaint on October 31, 2022. As amended, the complaint in the *White* Action added new allegations relating to statements regarding the regulatory approval prospects for the Nanox System given alleged known deficiencies with its applications and Nano-X's distributors' ability to carry out their contracts because they lacked experience in the medical-imaging field.

12.    On November 21, 2022, Defendants sought leave from the Court in the *White* Action to file a motion to stay that action pending the outcome of the motion to dismiss in the *In re Nano-X* Action, or to file a motion to dismiss in the *White* Action.

13.    On December 2, 2022, Judge Kuntz granted Defendants leave only to file a motion to stay in the *White* Action.

14.    In March 2023, the Parties recognized that a window had opened for settlement discussions as they awaited decisions on the motion to consolidate the two actions, the motion to stay the *White* Action, and the motion to dismiss in the *In re Nano-X* Action.

15.    In advance of the mediation, both sides prepared and submitted mediation statements to Jed Melnick, Esq., of JAMS.

16.    On April 3, 2022, counsel for the parties attended a full-day, in-person mediation before Jed Melnick, Esq., with Nano-X representatives attending remotely from Israel.  The mediation was successful, and the parties reached an agreement in principle at the end of the day.

17.     Following the full-day mediation session, the parties continued their good faith efforts to resolve the case and continued to negotiate a term sheet, which they executed on April 28, 2023

18.     On May 3, 2023 the Parties informed the Court that they had reached a settlement for both the *In re Nano-X* and *White* Actions and requested that all proceedings be stayed pending the parties' further applications related to the approval of the settlement.

19.     On May 5, 2023, the Court granted the request to stay.

20.     Thereafter and continuing through execution of the Stipulation, the Parties negotiated the terms of the Stipulation, class action notices and other exhibits to the Stipulation. Class Counsel solicited bids from three potential settlement administrations and chose Epiq Global as the Claims Administrator. Epiq Global is a nationally recognized class action settlement administrator with extensive experience with large, complex securities class action administrations.

21.     On June 2, 2023, the Parties completed their settlement negotiations and executed the Stipulation.

### Pomeranz LLP is Experience and Qualified to be Counsel for the Settlement Class

22.     Pomeranz LLP and I possess extensive experience in securities class action litigation in federal and state courts. The firm resume of Pomeranz LLP is annexed hereto as Exhibit 2, detailing the experience of the firm and the undersigned in litigating securities class actions.

### The Settlement is Fair, Reasonable, and Adequate

23.     Based on my experience and knowledge about the facts and issues in this case, and for the reasons set forth in the accompanying memorandum of law submitted in support of the

Motion, I believe that the settlement set forth in the Stipulation represents a fair, reasonable, and adequate results for, and is in the best interest of, the Settlement Class defined therein.

24. While Lead Counsel maintained that the *In re Nano-X* and *White* Actions were not related, Defendants would only entertain the possibility of settlement if it resolved both Actions, and Lead Plaintiffs concluded that exploring the resolution of both Actions was in the best interests of all Settlement Class Members.

***

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2023 in New York, New York.

/s/ Justin D'Aloia
Justin D'Aloia