# EXHIBIT B

**Exhibit B**
**Proposed Judgment**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

{00551736;1 }

**Exhibit B**
**Proposed Judgment**

WHEREAS, the Settling Parties agreed to settle and dismiss with prejudice the Litigation upon the terms and conditions set forth in the Stipulation of Settlement, dated June 2, 2023 (the "Stipulation");[1] and

WHEREAS, on _____, 202_, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), which, for purposes of the Settlement only, (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class solely for purposes of effectuating the Settlement; (c) approved the form and manner of Notice of the Settlement to the Settlement Class and ordered that such notice be provided to potential Settlement Class Members, which, among other things, provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement (the "Notice"); (d) appointed Lead Plaintiffs as class representatives, and appointed Lead Counsel as class counsel; (e) scheduled a hearing regarding final approval of the Settlement as described in the Notice (the Settlement Hearing);

WHEREAS, due and adequate Notice having been given to the Settlement Class as required in the Preliminary Approval Order; and

WHEREAS, the Court conducted a Settlement Hearing on September 7, 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Litigation with prejudice;

---

[1] All capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation. As used herein, the term "Settling Parties" means Lead Plaintiffs Edward Ko, Derson Jolteus and Davian Holdings ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Nano-X Imaging Ltd. ("Nano-X" or the "Company"), and Ran Poliakine and Itzhak Maayan (collectively, "Defendants").

**Exhibit B**
**Proposed Judgment**

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, including the Settlement Hearing, and it appearing to the Court upon examination that the Settlement is fair, reasonable, and adequate;

THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B.      This Court has jurisdiction over the subject matter of the Litigation and over all of the Parties and all Settlement Class Members for purposes of the Settlement.

C.      Solely for purposes of the Settlement, the Court finds that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs have fairly and adequately represented and protected the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

D.      The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. §78u-4(a)(7), due process, and all other applicable laws and rules.  Such Notice advised Settlement Class Members of the Settlement and of their right to exclude themselves therefrom or object thereto, including the Plan of Allocation, Lead Counsel's Fee and Expense Application, and Lead Plaintiffs' Award,

{00551736;1 }                                                        2

**Exhibit B**
**Proposed Judgment**

and a full and fair opportunity was accorded to Settlement Class Members to be heard with respect to the Settlement.

      E.      A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the Settlement Hearing thereon.

      F.      The Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate. Among other things:

      (i)      the Settlement was negotiated at arm's-length by Lead Plaintiffs on behalf of the Settlement Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The Litigation settled only after, among other things: (1) a mediation conducted by an experienced mediator who was familiar with the Litigation; (2) the exchange between Lead Plaintiffs and Defendants of detailed mediation statements before the mediation that highlighted the factual and legal issues in dispute; (3) Plaintiffs' Counsel's extensive investigation, which included, among other things, a review of Nano-X's press releases, U.S. Securities and Exchange Commission filings, analyst reports, media reports, and other publicly disclosed reports and information about the Defendants; (4) the drafting and submission of detailed complaints; and (5) motion practice directed to the complaints. Accordingly, both Lead Plaintiffs and the Defendants were well-positioned to evaluate the settlement value of the Litigation. The Stipulation has been entered into in good faith and is not collusive.

      (ii)      the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' Claims; (iii) the terms of any proposed award of

**Exhibit B**
**Proposed Judgment**

attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure.

(iii)    if the Settlement had not been achieved, both Lead Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation.  The Court takes no position on the merits of either Lead Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

G.    The Court hereby finds that the Plan of Allocation is fair and reasonable.  In particular, the Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

H.    Lead Plaintiffs and Lead Counsel have fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

I.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rule of Civil Procedure.

**IT IS HEREBY ORDERED THAT:**

1.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court fully and finally certifies a Settlement Class consisting of on behalf of all Persons and entities who purchased or otherwise acquired Nano-X securities between August 21, 2020 and November 17, 2021, inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the parent

{00551736;1 }                                                    4

**Exhibit B**
**Proposed Judgment**

entity, officers and directors of Nano-X, at all relevant times; (iii) members of the immediate families of such officers and directors of Nano-X, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a direct or indirect controlling interest. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the procedures approved by the Court, as listed on Exhibit 1 hereto. Lead Plaintiffs are finally certified as the class representatives and Lead Counsel are finally certified as class counsel.

2.    The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Litigation and all of the claims asserted against the Defendants in the Litigation by Lead Plaintiffs are hereby dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3.    All Released Plaintiff Parties and Released Defendant Parties, as defined in the Stipulation, are released in accordance with, and as defined in, the Stipulation.

4.    Upon the Effective Date, all Released Plaintiff Parties, including Lead Plaintiffs and each and every Settlement Class Member, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers a Proof of Claim and Release, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or any Fee and Expense Award.

{00551736;1 }                                         5

**Exhibit B**
**Proposed Judgment**

5. Upon the Effective Date, all Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, waived, released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Parties.

6. Any and all of the following claims actions, allegations, causes of action, demands or rights, however denominated and whether presently known or unknown are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable: (i) any claims seeking contribution or indemnification by any Person against any of the Released Defendant Parties arising out of or related to any of the Released Plaintiffs' Claims; and (ii) claims for contribution arising out of or related to any Released Plaintiffs' Claims by Defendants to the extent required by 15 U.S.C. § 78u-4(f)(7)(A).

7. All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. All Settlement Class Members who have failed to properly submit Requests for Exclusion (*i.e.*, requests to "opt-out") from the Settlement Class are bound by the terms and conditions of the Stipulation and this Judgment. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9. All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein.

{00551736;1 }                                                           6

**Exhibit B**
**Proposed Judgment**

10.    The Released Plaintiff Parties are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Defendant Parties.  Claims to enforce the terms of the Stipulation are not released.

11.    The Court hereby approves the Plan of Allocation as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with the Stipulation. Any subsequent order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

13.    Nothing in the Settlement restricts the ability of any Party to advocate in favor of or against the applicability of any offset to any claims asserted in any other action based on any amount paid to Authorized Claimants through the Settlement.

14. The Court hereby awards Plaintiffs' Counsel attorneys' fees of _____% of the Settlement Amount, plus Plaintiffs' Counsel's expenses in the amount of $_____ (the "Fee and Expense Award"), together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of the Litigation and substantial risks of non-recovery, time and effort involved, and result obtained for the Settlement Class.

15.    The Fee and Expense Award and interest earned thereon shall be paid to Plaintiffs' Counsel from the Settlement Fund within ten (10) days of the entry of this Order, subject to the

**Exhibit B**
**Proposed Judgment**

terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

16.     Lead Plaintiff Edward Ko is awarded $_____.  Such payment is appropriate considering his active participation as a Lead Plaintiff in the Litigation, as attested to by his declaration submitted to the Court.  Such payment is to be made from the Settlement Fund.

17.     Lead Plaintiff Derson Jolteus is awarded $_____.  Such payment is appropriate considering his active participation as a Lead Plaintiff in the Litigation, as attested to by his declaration submitted to the Court.  Such payment is to be made from the Settlement Fund.

18.     Lead Plaintiff Davian Holdings is awarded $_____.  Such payment is appropriate considering its active participation as Lead Plaintiff in the Litigation, as attested to by its declaration submitted to the Court.  Such payment is to be made from the Settlement Fund.

19.     Any subsequent order or proceeding relating to the Fee and Expense Award and/or the Lead Plaintiff Awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

20.     Neither the Stipulation nor Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or Settlement, nor this Judgment:

(a)     shall be offered or received against any Defendant as evidence of, or evidence in support of, a presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity of any claim that has been, or could have been, asserted in the Litigation, or the deficiency of any defense that has been, or could have been, asserted in the Litigation or in any other litigation;

{00551736;1 }                                    8

**Exhibit B**
**Proposed Judgment**

(b)     shall be offered or received against Defendants as evidence of, or evidence in support of, a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)     shall be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit;

(d)     shall be construed against Defendants, Lead Plaintiffs, or the Settlement Class as evidence of a presumption, concession, or admission that the Settlement Amount represents an amount that could be, or would have been, recovered after trial or in any proceeding other than the Settlement, or that any damages potentially recoverable in the Litigation would have exceeded or would have been less than the Settlement Amount;

(e)     notwithstanding any of the foregoing, Defendants and any other Released Defendant Parties may file the Stipulation and/or this Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     In the event that the Stipulation is terminated in accordance with its terms: (a) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (b) the Litigation shall proceed as provided in the Stipulation; and (c) the fact of the Settlement shall not be

{00551736;1 }                                    9

**Exhibit B**
**Proposed Judgment**

admissible in any trial of the Litigation, and Lead Plaintiffs and Defendants shall not be prejudiced in any way from the negotiation, fact or terms of the Settlement.

22.    Without further order of the Court, the Settling Parties may agree in writing to reasonable extensions of time and such other amendments or modifications to the Stipulation necessary to carry out any of its provisions, provided that such extensions, amendments, or modifications do not materially alter the rights of any Settling Party under the Stipulation.

23.    Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) enforcement of the terms of the Settlement and this Judgment, including all releases; (c) disposition of the Settlement Fund; (d) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (e) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

IT IS SO ORDERED.

DATED: _____, 202_

_____
THE HONORABLE RACHEL P. KOVNER
UNITED STATES DISTRICT JUDGE

{00551736;1 }                                    10