**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:20-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**DECLARATION OF ERIC BLOW REGARDING**
**(I) NOTICE DISSEMINATION; (II) PUBLICATION OF SUMMARY NOTICE; (III)**
**THE SETTLEMENT WEBSITE; (IV) CALL CENTER SERVICES; AND (V)**
**REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE**

I, Eric Blow, declare and state as follows:

1.     I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's Decision and Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement dated October 31, 2023 (EFC. No. 75) (the "Preliminary Approval Order"), Epiq was authorized to act as the Claims Administrator for the Settlement in the above-captioned action (the "Action").[1] The following statements are based on my personal knowledge and information provided by Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2.     I submit this Declaration in order to provide the Court and the Parties to the Settlement with information regarding: (I) the mailing of the Court-approved Notice and the Proof of Claim and Release form (together, the "Notice Packet"); (II) publication and transmission of the Summary Notice; (III) establishment of website dedicated to this Settlement; (IV)

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement, dated June 2, 2023 (ECF NO. 67-1) (the "Stipulation").

establishment of the toll-free number; and, (IV) the receipt of any requests for exclusion from the Settlement Class or objections to the Settlement received by Epiq to date.

## DISSEMINATION OF THE NOTICE PACKET

3.      On or around June 12, 2023, Epiq received a data file from Lead Counsel containing the names and addresses of 284 unique record holders of Nano-X securities during the Settlement Class Period. I am informed that the file was provided to Lead Counsel by counsel for Defendant Nano-X and were obtained from Nano-X's transfer agent. On November 21, 2023, Epiq caused the Notice Packet to be sent by First-Class Mail to those 284 potential Settlement Class Members.

4.      Pursuant to the Preliminary Approval Order, on November 21, 2023, Epiq mailed the Notice Packet to potential Settlement Class Members via United States Postal Service ("USPS") first class mail. A copy of the Notice Packet is attached as Exhibit A.

5.      As in most class actions of this nature, the large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" by nominees – i.e., the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates a proprietary database of the largest and most common banks, brokers, and other nominees. On November 21, 2023, Epiq caused the Notice Packet to be mailed to the 1,010 mailing records contained in its internal broker list by USPS first class mail.

6.      The Notice Packet directed those who purchased, or otherwise acquired, publicly traded Nano-X Securities during the Settlement Class Period for the beneficial interest of a person or organization other than themselves to, within ten (10) business days after receipt of the Notice Packet, either: (I) send a copy of the Notice Packet by first class mail to all such Persons; or (II) provide Epiq with the names and addresses of such beneficial owners; or, (III) request copies of

the Notice Packet from the Claims Administrator, and send a copy of the Notice Packet to such beneficial owners.

7.      As of January 10, 2024, Epiq has received names and addresses of 39,223 additional potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. Epiq has also received requests from brokers and other nominees for 1,355 Notice Packets to be forwarded directly by the nominees to their customers. All such requests have been, and will continue to be, compiled and addressed in a timely manner.

8.      As of January 10, 2024, an aggregate total of 41,872 Notice Packets have been disseminated to potential Settlement Class Members and/or their nominees by USPS first class mail. In addition, Epiq has re-mailed 37 Notice Packets to persons whose original mailing was returned to Epiq as undeliverable by the USPS and for whom updated addresses were provided to Epiq by the USPS.

## PUBLICATION OF THE SUMMARY NOTICE

9.      In accordance with the Preliminary Approval Order, Epiq caused the Summary Notice to be transmitted over the *PR Newswire* on December 1, 2023. Attached as Exhibit B is a confirmation of publication and an image of the web page article attesting to the transmittal of the Summary Notice over the *PR Newswire*.

## SETTLEMENT WEBSITE

10.      On November 21, 2023, Epiq established and has since maintained a website dedicated to this Settlement (www.NanoXSettlement.com) to provide additional information to Settlement Class Members. Users of the website can download copies of the Notice, the Proof of Claim and Release form, the Stipulation, and the Preliminary Approval Order, among other relevant documents. The web address was set forth in the Notice, and on the Proof of Claim ad

3

Release form. The website also contains an online claim portal for Settlement Class Members to electronically file their claims. The website is accessible 24 hours a day, seven days a week.

11.     As of January 10, 2024, the website has been visited by 873 unique visitors, and 2,345 website pages have been viewed. Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

## CALL CENTER SERVICES

12.     On or around November 21, 2023, Epiq reserved a toll-free phone number for purposes of the Settlement, (888) 977-4348, which was set forth in the Notice, the Proof of Claim and Release form, the Summary Notice, and on the Settlement website.

13.     The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a brief summary about the Action and the option to request a mailed copy of the Notice Packet, and to speak with a live operator during business hours. As of January 10, 2024, Epiq has not received any requests for Notice Packets to be mailed via the toll-free telephone number. The toll-free telephone line with pre-recorded information is available 24 hours a day, seven days a week.

14.     Epiq made the IVR available on November 21, 2023, right before Epiq began mailing the Notice Packets. As of January 10, 2024, the toll-free number has received 13 calls representing 70 total minutes, and call center representatives have handled 6 inbound calls representing 65.33 minutes of use. Epiq will continue operating, maintaining and, as appropriate, updating the toll-free telephone number until the conclusion of this administration.

## EXCLUSION REQUESTS AND OBJECTIONS

15.     Pursuant to the Preliminary Approval Order, and as provided in the Notice, Settlement Class Members who wish to be excluded from the Settlement Class are required to mail their written request to Epiq so that the request is received by January 25, 2024. As of the date of this Declaration, Epiq has received no exclusion requests.

16.     Pursuant to the Preliminary Approval Order, and as provided in the Notice, any objections to the Settlement are to be filed with the Court and mailed to Counsel. As of the date of this Declaration, Epiq has not received any objections to the Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 11, 2024 in Louisville, KY.

Eric Blow

# *EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-04355-WFK-MMH |
| Plaintiff, | Hon. William F. Kuntz, II |
| v. | Hon. Magistrate Judge Marcia M. Henry |
| NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, | |
| Defendants, | |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK |
| | Hon. Rachel P. Kovner |
| | Hon. Magistrate Judge Peggy Kuo |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT HEARING[1]**

**If you purchased or otherwise acquired securities of Nano-X Imaging Ltd. ("Nano-X") between August 21, 2020 and November 17, 2021, inclusive (the "Settlement Class Period"), and are not otherwise excluded from the Settlement Class (see page 7 below) you may be eligible to receive a payment.**

**A federal court authorized this Notice. This is not attorney advertising.**

- This Notice is given pursuant to an order issued by the United States District Court for the Eastern District of New York (the "Court").

- This Notice serves to inform you of the proposed settlement (the "Settlement") of the above-captioned class action lawsuits (collectively, the "Litigation") and the hearing (the "Settlement Hearing") to be held by the Court on February 15, 2024, at 11:00 a.m., to consider (a) the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement, dated June 2, 2023 (p. 8 below), and the Plan of Allocation (pp. 8-10, below); (b) whether the Judgment, as provided under the Stipulation, should be entered upon payment in full of the $8.0 million Settlement Amount; (c) whether to approve the Settlement and Plan of Allocation; (d) whether to award Lead Counsel attorneys' fees and expenses (pp. 13-14, below); and (e) whether to award Lead Plaintiffs an amount for their reasonable time, costs, and expenses related to the representation of the Settlement Class (p. 14, below).

- The proposed Settlement concerns two lawsuits over whether Defendants violated federal securities laws by allegedly making material misrepresentations and/or omissions of material fact in their public statements about Nano-X's anticipated regulatory approvals, business model, prospects, and revenues. Defendants have denied and continue to deny all allegations of deception, wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Classes were harmed by the conduct alleged in the Litigation.

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated June 2, 2023 (the "Stipulation"). Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Stipulation. The Stipulation can be obtained at www.NanoXSettlement.com.

AJ4621 v.05

1

- If approved by the Court, the proposed Settlement will provide $8,000,000 gross, plus interest as it accrues, minus attorneys' fees and expenses, costs and administrative expenses and any applicable taxes, to pay claims of investors who purchased or acquired Nano-X securities between August 21, 2020 and November 17, 2021, inclusive, and were damaged thereby (the "Settlement Class" or "Settlement Class Members"), and are not otherwise excluded from the Settlement Class (see p. 7, below).

- The Settlement represents an average recovery of approximately $0.235 per share of Nano-X securities for the approximately 34 million shares outstanding (and registered under the Securities Act and freely transferable by non-affiliates) at the close of the Settlement Class Period. A share may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per outstanding share of Nano-X securities. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Nano-X securities, the purchase and sales prices, and the total number of claims filed. See the Plan of Allocation on pages 8-10 below for more detail.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form by **February 19, 2024**.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount ($2,666,667) plus interest and reimbursement of up to $250,000 in litigation expenses. Since the Litigation's inception, Lead Counsel have expended considerable time and effort in this Litigation on a contingent basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intend to ask the Court to grant a Lead Plaintiff Award to each of the three Lead Plaintiffs who have represented Settlement Class Members Class in the Litigation, in an amount not to exceed $3,000 each, or $9,000 in total. Collectively, the requested attorneys' fees and litigation expenses and Lead Plaintiff Awards are estimated to average $0.078 per outstanding share of Nano-X securities. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The estimated average recovery to Settlement Class Members, after the deductions set forth in the preceding paragraph, is $0.157 per outstanding Nano-X share. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Nano-X securities, the purchase and sales prices, and the total number and amount of claims filed.

- The parties disagree on the monetary amount of any potential award of damages if investors prevailed at trial.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

- While you will remain a member of the Settlement Class, you will be excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Nano-X securities or otherwise suffered no compensable damages during the Settlement Class Period.

- The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

AJ4622 v.05

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (for U.S. Mail) OR RECEIVED BY A PRIVATE CARRIER (For FedEx, UPS, etc.), OR BY THE CLAIMS ADMINISTRATOR ONLINE, NO LATER THAN FEBRUARY 19, 2024** | This is the only way to get a payment under the Settlement. If you have a Recognized Claim and want to receive a portion of the Settlement proceeds, you must submit the Proof of Claim and Release that is being distributed with this Notice. |
| **SUBMIT A REQUEST FOR EXCLUSION POSTMARKED OR RECEIVED BY THE PRIVATE CARRIER (For FedEx, UPS, etc.), OR BY THE CLAIMS ADMINISTRATOR VIA EMAIL, NO LATER THAN JANUARY 25, 2024** | Get no payment. This is the only option that allows you to bring your own lawsuit against the Released Parties about the Released Claims raised in this Litigation. If you exclude yourself, you will receive no payment and cannot object or speak at the Settlement Hearing. |
| **OBJECT TO THE SETTLEMENT OR ANY RELATED ASPECT POSTMARKED OR RECEIVED BY THE PRIVATE CARRIER (For FedEx, UPS, etc.), OR BY THE CLAIMS ADMINISTRATOR VIA EMAIL, NO LATER THAN JANUARY 25, 2024** | Write to the Court about why you do not like the Settlement. You may, but are not required to, appear at the Settlement Hearing. You cannot object to the Settlement unless you are a member of the Settlement Class and do not exclude yourself. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement at the Settlement Hearing. Notify the Court of your intention to appear at the hearing in the written objection you send to the Court. |
| **DO NOTHING** | Get no payment. Give up all legal rights relating to the claims at issue in this Litigation and be bound by the Judgment. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members, should be directed to any of the following:

| | |
|---|---|
| *Nano-X Securities Litigation Settlement*<br>Epiq Systems, Inc.<br>P.O. Box 6786<br>Address: Portland, OR 97228-6786<br>Telephone: 888-977-4348<br>Email:info@NanoXSettlement.com | Nicholas I. Porritt<br>LEVI & KORSINSKY, LLP<br>33 Whitehall Street, 17th Floor<br>New York, NY, 10004<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>Email: nporritt@zlk.com<br><br>Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com |

**This Notice is intended to inform you how the proposed Settlement may affect your rights and what steps you may take in relation to it. This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Litigation or whether the Defendants engaged in any wrongdoing.**

AJ4623 v.05

3

## WHAT THIS NOTICE CONTAINS

**Table of Contents**                                                                                              **Page**

**BASIC INFORMATION** ...................................................................................................................5
    1.  Why did I get this Notice package?...........................................................................5
    2.  What is this lawsuit about? .........................................................................................5
    3.  Why is this a class action? .........................................................................................6
    4.  What are the reasons for Settlement?........................................................................6

**WHO IS PART OF THE SETTLEMENT?**.......................................................................................7
    5.  How do I know if I am part of the Settlement? .........................................................7
    6.  Are there exceptions to being included? ...................................................................7
    7.  What if I am still not sure if I am included?..............................................................8

**WHAT ARE THE SETTLEMENT BENEFITS?**.............................................................................8
    8.  What does the Settlement provide?............................................................................8

**PLAN OF ALLOCATION** ...............................................................................................................8
    9.  How will the Settlement be allocated among Class Members?..................................9
    10.  How much will my payment be? ..............................................................................10

**HOW CAN YOU RECEIVE A PAYMENT?** ..................................................................................11
    11.  How can I get a payment?.........................................................................................11
    12.  When would I get my payment?................................................................................11
    13.  What am I giving up to get a payment or stay in the Settlement Class? ..................11

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................................13
    14.  How do I exclude myself from the proposed Settlement?........................................13
    15.  If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?.................................................................................13
    16.  If I exclude myself, can I get money from the proposed Settlement? .....................13

**THE LAWYERS REPRESENTING YOU**......................................................................................13
    17.  Do I have a lawyer in this case?...............................................................................13
    18.  How will the lawyers be paid? .................................................................................14

**OBJECTING TO THE SETTLEMENT** .........................................................................................14
    19.  How do I tell the Court that I do not like the proposed Settlement? .......................14
    20.  What is the difference between objecting and excluding myself? ...........................15

**THE COURT'S SETTLEMENT HEARING** ..................................................................................15
    21.  When and where will the Court decide whether to approve the proposed Settlement?........................15
    22.  Do I have to come to the hearing?............................................................................15
    23.  May I speak at the hearing? .....................................................................................15

**IF YOU DO NOTHING**.................................................................................................................15
    24.  What happens if I do nothing at all? ........................................................................15

**GETTING MORE INFORMATION**..............................................................................................16
    25.  Are there more details about the proposed Settlement?...........................................16

**SPECIAL NOTICE TO NOMINEES**............................................................................................16

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired Nano-X securities during the period August 21, 2020 and November 17, 2021. The Court directed that this Notice be sent to potential Settlement Class Members because they have a right to know about a proposed Settlement of a class action litigation, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and any appeals are resolved, a Claims Administrator appointed by the Court will make the payments that the Settlement allows. This Notice explains this Litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to get them. It is not an expression of any opinion by the Court with respect to the truth of the allegations of the Litigation or the merits of the claims or defenses asserted.

| 2. | What is this lawsuit about? |
|---|---|

Nano-X is a development-stage company based in Israel which claimed to have designed a digital X-ray source for use in medical imaging systems. This proposed Settlement relates to two class action lawsuits, both based in the United States District Court for the Eastern District of New York Court, and both alleging that Nano-X and certain of its officers and directors violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by making untrue statements or omitting to state material facts required to be disclosed in their public statements. Specifically, Lead Plaintiffs in the *White* Action (defined below) allege that Defendants made false and misleading statements between August 21, 2020 and September 15, 2020 claiming that Nano-X would quickly obtain regulatory approval of its Nanox.Arc imaging system, and projecting revenues purportedly coming from certain customer contracts, while failing to disclose that regulatory approval was unlikely to occur because its product was insufficiently developed, and the claimed customer contracts were not as represented. Lead Plaintiff in the *In re Nano-X* Action (defined below) alleges that Defendants made false and misleading statements between August 21, 2020 and November 17, 2021 claiming that its imaging system could be manufactured at far lower cost than current systems, and worked at least as well as existing technology. Both claims are alleged to be untrue when made.

Defendants deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Among other things, Defendants have denied, and continue to deny, that any material misstatements were made, that they acted with the requisite state of mind, that Lead Plaintiffs or the Settlement Class have suffered any damages, or that any plaintiff was harmed by any conduct alleged in these Actions or that could have been alleged therein. Defendants do not admit and expressly deny any liability or wrongdoing in connection with the allegations set forth in the Litigation or any facts related thereto.

On September 16, 2020, the initial class action complaint was filed in the Eastern District of New York Court against Nano-X, captioned *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355, on behalf of all investors who purchased Nano-X securities between August 21, 2020 and September 15, 2020 (the "*White* Action"). Thereafter, a very similar complaint was filed entitled *Duarte v. Nano-X Imaging Ltd.*, No. 20-cv-4528. Those two cases were later consolidated and assigned to Judge William F. Kuntz, II, and Edward Ko and Derson O. Jolteus were appointed as Lead Plaintiffs in the *White* Action on August 30, 2022.

On October 5, 2021, Daniel McLaughlin filed another class action against Nano-X, also in the Eastern District of New York, which was assigned to Judge Rachel P. Kovner. Davian Holdings Limited was appointed Lead Plaintiff in *McLaughlin*, which was recaptioned *In re Nano-X Securities Litigation,* No. 21-cv-05517-RPK-PK (the "*In re Nano-X* Action").

Lead Plaintiff in the *In re Nano-X* Action filed an amended complaint on April 12, 2022, asserting the same causes of action as the predecessor *McLaughlin* complaint, on behalf of purchasers of Nano-X securities between August 21, 2020 and November 17, 2021, and also included additional supporting factual allegations. Lead Plaintiffs in the *White* Action filed an amended complaint on October 31, 2022, which asserted the same causes of action and for the same period as the initial complaint but included additional factual allegations supporting the claims.

The amended complaints in both the *White Action* and the *In re Nano-X* Action asserted claims under Section 10(b) and 20(a) of the Exchange Act, and named the same defendants: Nano-X, and individual defendants Ran Poliakine and Itzhak Maayan (the "Individual Defendants") (collectively, the "Defendants").

On June 3, 2022, after Lead Plaintiff in the *In re Nano-X* Action filed its amended complaint, Defendants served a motion to consolidate the *In re Nano-X* Action with the *White* Action in the *White* Action. This motion was fully briefed and submitted on June 24, 2022, and remains pending.

AJ4625 v.05

5

On July 25, 2022, Defendants served a motion to dismiss the amended complaint in the *In re Nano-X* Action. On August 25, 2022, Lead Plaintiff in the *In re Nano-X* Action served its opposition thereto, and on September 9, 2022, Defendants served and filed their reply.

On November 21, 2022, Defendants sought leave from Judge Kuntz to file a motion to stay the *White* Action pending the outcome of the motion to dismiss in the *In re Nano-X* Action, or in the alternative, to file a motion to dismiss the *White* Action. On December 2, 2022, Judge Kuntz granted Defendants leave to file a motion to stay. This motion was fully briefed and submitted as of February 7, 2023 and remains pending.

While Defendants' motion to dismiss was pending in the *In re Nano-X* Action, and while Defendants' motion for a stay was pending in the *White* Action, the parties in both Actions agreed to attempt to resolve the Litigation on a global basis, *i.e.*, resolve both Actions. On April 3, 2023, a mediation was conducted before a highly experienced mediator, Jed Melnick, Esq. At the end of the full-day session and following a mediator's recommendation, the parties agreed to settle the Litigation globally, on the terms set forth in the Stipulation, subject to the Court's approval. The Stipulation (together with the exhibits thereto) reflects the final and binding agreement between the Settling Parties.

### 3.   Why is this a class action?

In a class action, one or more people called plaintiffs sue on behalf of themselves and all persons who have similar claims. All the persons with similar claims are called a "class" or "class members." Bringing a case as a class action allows the collective adjudication of many similar claims that might be otherwise too small to bring as individual actions and is more efficient than bringing the same claim in many individual actions. In a class action, the court resolves the claims of all class members, except for those who properly exclude themselves from the class.

### 4.   What are the reasons for Settlement?

The Settlement was reached after a thorough investigation by Lead Counsel in both the *White* and *In re Nano-X* Actions and following full briefing of Defendants' motion to dismiss in the *In re Nano-X* Action. The *White* Action was stayed pending the ruling on Defendants' motion to dismiss in the *In re Nano-X* Action. In neither Action in the Litigation has the Court reached any decisions as to the merits of Lead Plaintiffs' claims. Lead Plaintiffs believed they could have obtained a recovery if they survived Defendants' motions to dismiss the case, future anticipated summary judgment motions, and would have won at trial; while the Defendants believe they would have prevailed on their motions to dismiss, or otherwise prevailed on their subsequent summary judgment motions; or that, if the Actions had been allowed to proceed to trial, Lead Plaintiffs would not have won anything at a trial and that Lead Plaintiffs and Class Members would thus have gotten no recovery at all. Instead, Plaintiff and Defendants have agreed to the Settlement, which was reached with the substantial assistance of a highly respected mediator of complex class actions. In reaching the Settlement, the Settling Parties have avoided the risks, costs and delays of further litigation, trial, and likely appeals.

As in any litigation, Lead Plaintiffs and the Settlement Class would face an uncertain outcome if they did not agree to the Settlement. For example, Lead Plaintiffs understood that there was a risk that Defendants' motion to dismiss in the *In re Nano-X* Action would be granted; and if it was, there was a significant risk that the *White* Action, which was stayed pending a decision on the motion to dismiss in the *In re Nano-X* Action, would be dismissed as well given certain similarities in the two Actions.

Had the Litigation survived Defendants' motions to dismiss, additional obstacles were posed by the fact that most of the witnesses are located in Israel, and obtaining factual discovery may require service by means of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and letters of requests, and there is no assurance that such requests would have received an affirmative response from the Israeli central authority through whom such requests must be addressed, or that Lead Plaintiffs would otherwise have been able to secure the necessary testimony and documents to prove their case, or obtain them in a timely manner given the delays and other impediments often attendant to such requests for international discovery. Even if Lead Plaintiffs had obtained some discovery abroad, there is no assurance that such documents and/or testimony would have sufficed to support their claims, which in large part involved issues related to highly complex technology. Further, after such discovery concluded, along with costly expert testimony, it was expected that Defendants would argue in a summary judgment motion and at trial that the alleged false statements were true and not misleading, that their statements made sufficient disclosures of material facts and about the risks of investing in Nano-X, and/or that investors should have otherwise been aware that Nano-X's technology was new, regulatory approval was not assured, and that investments in Nano-X were therefore highly risky.

AJ4626 v.05

6

Plaintiff also expected that Defendants would argue that Lead Plaintiffs and the Settlement Class were not entitled to any damages under the federal securities laws because the decline in the value of Nano-X securities was not caused by Defendants' alleged false and misleading public statements but by other factors. Proving that Defendants' statements caused the losses of Lead Plaintiffs and Settlement Class Members would entail costly expert analyses and testimony, and there was no assurance that it would be successful; and even if Lead Plaintiffs were able to prove that some of their losses were caused by Defendants' statements, there was a substantial risk such provable losses would be much smaller than Lead Plaintiffs expected. Additionally, Lead Plaintiffs expected that the Litigation, if it survived Defendants' motions to dismiss, would continue for a lengthy period, and it is likely that, even if Lead Plaintiff succeeded, Defendants would file appeals that could postpone final resolution of the Litigation for years. Moreover, a class has not yet been certified in either Action. There is no assurance the Court would certify a class, and a failure to obtain class certification would mean that Settlement Class Members would have to file and prosecute individual actions by themselves, at their expense, to have any prospect of recovery.

For the foregoing reasons among others, Lead Plaintiffs and Lead Counsel believe that the Settlement is fair and reasonable to the Members of the Settlement Class. While continuation of the Litigation against Defendants potentially could result in a judgment greater than the Settlement, there is also the substantial risk that continuing the Litigation could result in no recovery at all or a recovery that is less than the amount of the Settlement. If the Settlement is approved, the Settlement Class will receive a certain and immediate monetary recovery. Lead Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Settlement Class.

The Defendants have expressly denied, and continue to deny, each and all of the claims alleged by Lead Plaintiffs in the Litigation, as well as any allegations of fault, liability, wrongdoing or damages whatsoever. Defendants further deny that they made any material misstatements or omissions, that they acted with the requisite state of mind, that any plaintiff, including Lead Plaintiffs, have suffered any damages, or that any plaintiff was harmed by any conduct alleged in these Actions or that could have been alleged therein. The Defendants maintain that they have strong and meritorious defenses to all of the claims alleged in this Litigation. However, the Defendants also recognize the uncertainty and risks inherent in any litigation, especially in a complex case such as this. The Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO IS PART OF THE SETTLEMENT?

### 5.    How do I know if I am part of the Settlement?

If you purchased or acquired Nano-X securities during the period August 21, 2020 through November 17, 2021, inclusive (the "Settlement Class Period"), you are a Settlement Class Member, except for certain exclusions listed in Question 6 below.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release that is being distributed with this Notice and the required supporting documentation, as set forth therein, postmarked (for U.S. Mail), received by the private carrier (for FedEx, UPS, etc.) or submitted online or via e-mail **no later than February 19, 2024**.

### 6.    Are there exceptions to being included?

Yes. Pursuant to the Settlement Class definition in the Stipulation, excluded from the Settlement Class are (i) Defendants; (ii) the parent entity, officers and directors of Nano-X, at all relevant times; (iii) members of the immediate families of such officers and directors of Nano-X, and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a direct or indirect controlling interest.

Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class, but who validly and timely has submitted, or submits, a Request for Exclusion in accordance with the requirements set by the Court, and the instructions provided in this Notice (p.13).

While you would remain a member of the Settlement Class, you would be excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Nano-X securities or otherwise suffered no compensable damages during the Settlement Class Period.

AJ4627 v.05

## 7.   What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator by writing, emailing or calling them at the contact information provided on p. **3** above. Or you can fill out the Proof of Claim and Release form described in Question 11 to see if you qualify.

## WHAT ARE THE SETTLEMENT BENEFITS?

## 8.   What does the Settlement provide?

The Settlement, if approved, will result in the creation of a cash settlement fund of $8,000,000, plus all interest and accretions thereto (the "Settlement Fund"). The Settlement Fund, less (a) any Fee and Expense Award, including interest thereon; (b) any Lead Plaintiff Award for representing the interests of the Settlement Class; (c) Notice and Administration Expenses; (d) Settlement Fund Taxes and Tax Expenses; and (e) any other Court-approved deductions (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

In return, the Parties have agreed to dismiss the Litigation with prejudice, and Lead Plaintiffs and all Settlement Class Members who do not exclude themselves from the Settlement Class agree to release, relinquish and discharge all Released Claims against the Defendants and their respective Related Parties (collectively, the "Released Defendant Parties"), whether or not these Class Members execute and deliver Proof of Claim and Release forms.

## PLAN OF ALLOCATION

## 9.   How will the Settlement be allocated among Class Members?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that other Settlement Class Members send in, how many shares of Nano-X securities you purchased or otherwise acquired during the Settlement Class Period, whether you sold any of those shares, and when you purchased, acquired, and/or sold such shares.

For purposes of determining the amount an Authorized Claimant (a Settlement Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment) may recover under the Plan of Allocation, Lead Counsel conferred with their damages consultant in developing the Plan of Allocation. The calculation of claims is not an estimate of (a) actual damages, (b) the amount a Settlement Class Member might have been able to recover after a trial, or (c) the amount that will be paid to Settlement Class Members pursuant to the Settlement. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The calculation of a Recognized Claim (as described below) will depend upon several factors, including when the shares were purchased or otherwise acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula described below. A "Recognized Loss Amount" will be calculated as set forth for each purchase or acquisition of publicly traded or publicly listed shares of Nano-X securities during the Settlement Class Period that is listed in the Proof of Claim and Release and for which adequate documentation is provided. To the extent that the calculation of an Authorized Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of an Authorized Claimant's Recognized Loss Amounts will be the Authorized Claimant's "Recognized Claim."

**The Basis for Calculating Your Recognized Loss Amount**

The Recognized Loss Amount for each share of publicly traded or publicly listed Nano-X securities purchased or otherwise acquired between August 21, 2020 and November 17, 2021, inclusive, will be calculated as follows:

A.   For securities purchased on or after August 21, 2020, but before September 15, 2020, and sold before September 15, 2020, the Recognized Loss Amount for each such share shall be zero.

B.   For securities purchased on or after August 21, 2020, but before September 15, 2020, and sold on or after September 15, 2020 but before November 17, 2021, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price *minus* the sales price, or ii) $11.57 per share.

C.  For securities purchased on or after September 15, 2020 and sold before November 17, 2021, the Recognized Loss Amount for each such share shall zero.

D.  For securities purchased on or after September 15, 2020, but before November 17, 2021, and sold during the period from November 17, 2021 through February 14, 2022, inclusive, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price minus the sales price, ii) $1.69 per share, or iii) the purchase price *minus* the "Average Sale Price" indicated in Table-1 below.

E.  For securities purchased on or after August 21, 2020 but before September 15, 2020, and sold during the period from November 17, 2021 through February 14, 2022, inclusive, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price *minus* the sales price, ii) $13.26 per share, or iii) the purchase price *minus* the "Average Sale Price" indicated in Table-1 below.

F.  For securities purchased on or after September 15, 2020, but before November 17, 2021, and retained after the close of trading on February 14, 2022, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price minus the sales price, ii) $1.69 per share, or iii) the purchase price *minus* $14.83 per share.

G.  For securities purchased on or after August 21, 2020, but before September 15, 2020, and retained after the close of trading on February 14, 2022, the Recognized Loss Amount for each such share shall be the minimum of: i) the purchase price *minus* the sales price, ii) $13.26 per share, or iii) the purchase price minus $14.83 per share.

**Table-1: Average Prices for Sales of**
**Nano-X Common Stock During 90-Day PSLRA Look-Back Period**

| Date | Closing Price | Average Sale Price | Date | Closing Price | Average Sale Price |
|---|---|---|---|---|---|
| 11/17/2021 | $20.01 | $20.01 | 1/3/2022 | $16.05 | $17.81 |
| 11/18/2021 | $19.01 | $19.51 | 1/4/2022 | $15.55 | $17.74 |
| 11/19/2021 | $18.96 | $19.33 | 1/5/2022 | $13.97 | $17.63 |
| 11/22/2021 | $19.94 | $19.48 | 1/6/2022 | $13.55 | $17.51 |
| 11/23/2021 | $20.02 | $19.59 | 1/7/2022 | $12.97 | $17.39 |
| 11/24/2021 | $20.33 | $19.71 | 1/10/2022 | $12.95 | $17.27 |
| 11/26/2021 | $20.15 | $19.77 | 1/11/2022 | $13.16 | $17.16 |
| 11/29/2021 | $21.17 | $19.95 | 1/12/2022 | $12.42 | $17.04 |
| 11/30/2021 | $20.63 | $20.02 | 1/13/2022 | $12.14 | $16.91 |
| 12/1/2021 | $18.04 | $19.83 | 1/14/2022 | $11.75 | $16.79 |
| 12/2/2021 | $17.69 | $19.63 | 1/18/2022 | $10.82 | $16.65 |
| 12/3/2021 | $15.94 | $19.32 | 1/19/2022 | $10.66 | $16.51 |
| 12/6/2021 | $15.72 | $19.05 | 1/20/2022 | $11.15 | $16.39 |
| 12/7/2021 | $17.84 | $18.96 | 1/21/2022 | $11.25 | $16.27 |
| 12/8/2021 | $17.55 | $18.87 | 1/24/2022 | $11.49 | $16.17 |
| 12/9/2021 | $16.16 | $18.70 | 1/25/2022 | $10.74 | $16.05 |
| 12/10/2021 | $16.72 | $18.58 | 1/26/2022 | $10.05 | $15.93 |
| 12/13/2021 | $16.88 | $18.49 | 1/27/2022 | $9.45 | $15.79 |
| 12/14/2021 | $16.55 | $18.38 | 1/28/2022 | $10.35 | $15.69 |
| 12/15/2021 | $17.63 | $18.35 | 1/31/2022 | $11.35 | $15.60 |
| 12/16/2021 | $17.45 | $18.30 | 2/1/2022 | $11.65 | $15.53 |
| 12/17/2021 | $18.86 | $18.33 | 2/2/2022 | $10.60 | $15.43 |
| 12/20/2021 | $17.80 | $18.31 | 2/3/2022 | $10.21 | $15.34 |
| 12/21/2021 | $18.62 | $18.32 | 2/4/2022 | $11.04 | $15.26 |
| 12/22/2021 | $18.58 | $18.33 | 2/7/2022 | $10.99 | $15.18 |
| 12/23/2021 | $17.86 | $18.31 | 2/8/2022 | $11.40 | $15.11 |
| 12/27/2021 | $16.58 | $18.25 | 2/9/2022 | $11.75 | $15.06 |
| 12/28/2021 | $15.99 | $18.17 | 2/10/2022 | $11.04 | $14.99 |
| 12/29/2021 | $15.22 | $18.07 | 2/11/2022 | $10.37 | $14.91 |
| 12/30/2021 | $15.39 | $17.98 | 2/14/2022 | $9.90 | $14.83 |
| 12/31/2021 | $14.54 | $17.87 | | | |

AJ4629 v.05

In the event a Settlement Class Member has more than one acquisition or sale of Nano-X securities, all acquisitions and sales shall be matched on a First-in First-Out ("FIFO") basis in the order of the transactions beginning with publicly traded Nano-X securities purchased or otherwise acquired on August 21, 2020.

An acquisition or sale of Nano-X securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Nano-X securities shall not be deemed an acquisition or sale of Nano-X securities for the calculation of a claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the acquisition of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Nano-X securities in exchange for securities of any other corporation or entity shall not be deemed an acquisition or sale of Nano-X securities.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any claims administrator, any other Person designated by Plaintiffs' Counsel, Defendants, Defendants' Related Parties, or Defendants' Counsel or their Related Parties based on distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.

With respect to Nano-X securities purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Nano-X common stock on the date of exercise. Any Recognized Loss arising from purchases of Nano-X securities acquired during the Settlement Class Period through the exercise of an option on Nano-X common stock shall be computed as provided for other purchases of Nano-X common stock in the Plan of Allocation.

Settlement Class Members who do not submit acceptable Proofs of Claim and Release will not share in the Settlement proceeds. The Settlement and the Judgment issued in this Litigation will nevertheless bind Settlement Class Members who do not submit a Request for Exclusion (as defined below) and/or an acceptable Proof of Claim and Release.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Related Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs, Plaintiffs' Counsel, and any other Person designated by Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## 10.   How much will my payment be?

If you are entitled to a payment, your share of the Net Settlement Fund will depend on, among other things, the number of Authorized Claimants. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund six months after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, after payment of any outstanding Notice and Administration Expenses, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution. These additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a *de minimis* level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions. Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to Investor Protection Trust, a nonprofit organization devoted to investor education, or another §501(c)(3), non-profit charitable organization designated by Lead Plaintiffs and approved by the Court.

**<u>HOW CAN YOU RECEIVE A PAYMENT?</u>**

| 11. | How can I get a payment? |
|---|---|

In order to qualify for a payment, you must be an eligible Settlement Class Member and send in a valid and timely Proof of Claim and Release form. A Proof of Claim and Release form is enclosed with this Notice and may also be downloaded from the Claims Administrator's website, at www.NanoXSettlement.com. Read the instructions carefully, fill out the Proof of Claim and Release form; sign it; and mail or submit it online, along with the required supporting documents, so that it is **postmarked (for U.S. Mail, if mailed) or received by the private carrier (for FedEx, UPS, etc.) (address provided on page 3) or received by the Claims Administrator (if submitted online) no later than February 19, 2024.** Any Settlement Class Member who fails to submit a Proof of Claim and Release form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by order of the Court the deadline is extended or such Settlement Class Member's Proof of Claim and Release form is accepted), but shall otherwise be bound by all of the terms of the Stipulation and the Judgment, including the releases therein, and will be permanently barred and enjoined from asserting any of the Released Claims against any of the Released Defendant Parties.

| 12. | When would I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on February 15, 2024, to decide whether to approve the Settlement. If the Settlement is approved, the Claims Administrator will complete the administration process and determine how much each Authorized Claimant is entitled to receive. Lead Counsel will then seek permission from the Court to distribute the Net Settlement Fund on a *pro rata* basis to Authorized Claimants. This is necessarily a long process. Please be patient. If your address changes, please contact the Claims Administrator at the contact information provided on page **3**.

| 13. | What am I giving up to get a payment or stay in the Settlement Class? |
|---|---|

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will be bound by any orders issued by the Court. If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes Final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendant Parties from all Released Claims. The Judgment shall also provide for the full and final release of all Released Defendants' Claims, as against the Released Plaintiff Parties.

- "Released Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below and in ¶1.53 of the Stipulation), whether arising under federal, state, common, or foreign law, by Released Plaintiff Parties, whether brought directly or indirectly against any of the Released Defendant Parties, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which arise out of or relate in any way, to: (a) any of the allegations, transactions, events, disclosures, statements, acts, or omissions that were asserted, involved, set forth, asserted, or referred to, or could have been asserted, by a Released Plaintiff Party in the Litigation; and (b) arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale, disposition, or ownership of Nano-X securities during the Settlement Class Period. "Released Claims" do not include claims to enforce the Settlement, or the claims of any Person that submits a Request for Exclusion that is accepted by the Court.

- "Released Defendant Parties" means Defendants, Defendants' Counsel, and their Related Parties.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against any Defendants in the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" do not include (a) claims between or among Defendants or any combination of Defendants, including claims for indemnification; or (b) between Defendants and their insurers.

- "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Counsel, Plaintiffs' Counsel, and their Related Parties.

- "Related Parties" when used in reference to a Person, means and includes (i) the Person; (ii) for natural persons, each of that Person's immediate family members and any trust of which the Person is settler or which is for the benefit of any such Person and/or member of his family, and, for non-natural persons, each of their direct or indirect parents, subsidiaries or wholly-owned affiliates; and (iii), for any of the Persons listed in sub-parts (i) or (ii) of this definition, their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, underwriters, investment bankers, commercial bankers, insurers, reinsurers, predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, attorneys, legal or personal representatives, assigns, and assignees of each of them, and any controlling person thereof, in their capacities as such, and any entity in which such Person has a controlling interest.

- "Unknown Claims" means (a) any and all Released Claims that any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to the Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties that, if known by him, her, or it, might have affected his, her, or its settlement and release of the Released Plaintiff Parties. With respect to (a) any and all Released Claims against the Released Defendant Parties and (b) any and all Released Defendants' Claims against the Released Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

  **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

  The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

AJ46212 v.05

12

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants on your own (*i.e.*, outside this Litigation) about the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself from, or "opting out" of, the Settlement Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **14.   How do I exclude myself from the proposed Settlement?** |
| --- |

To exclude yourself from the Settlement Class, you must send a written or e-mail request saying that you want to be excluded from the Settlement Class in the following Litigation: Nano-X Securities Litigation, Case Nos. 20-cv-04355-WFK and 21-cv-05517-RPK (a "Request for Exclusion"). Your Request for Exclusion **must legibly state** your name, address, telephone number, and the date(s), price(s) and number(s) of shares of all your purchases, acquisitions and sales of Nano-X securities during the period August 21, 2020 through November 17, 2021, inclusive. Your Request for Exclusion must also include adequate documentation to evidence such transactions in Nano-X securities (such as account statements or trading records) and must be personally signed by the Settlement Class Member. Do not send originals of your documentation as they will not be returned. All Requests for Exclusion must be postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.) **no later than January 25, 2024**, and sent to the Claims Administrator at: Nano-X Securities Litigation Settlement, EXCLUSIONS, c/o Claims Administrator, at the address set forth on p.**3**; or by email: info@NanoXSettlement.com
**You cannot exclude yourself by telephone.**

If you make a proper Request for Exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper Request for Exclusion, you will not be legally bound by the Settlement or Judgment or the releases therein, and you may be able to sue Nano-X and the other Released Defendant Parties about the Released Claims in the future.

| **15.   If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?** |
| --- |

No. Unless you timely and validly exclude yourself from the Settlement Class, you give up any rights to sue Defendants and the other Released Defendant Parties, or to enforce any existing judgments against any of the Released Defendant Parties, for any and all Released Claims, outside this Litigation in the future. If you have a pending lawsuit against Defendants or the other Released Defendant Parties, speak to your lawyer in that case immediately to determine if you have to exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **January 25, 2024**.

| **16.   If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

No. If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money. However, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| **17.   Do I have a lawyer in this case?** |
| --- |

The following attorneys are counsel for the Settlement Class ("Lead Counsel"):

| | |
| --- | --- |
| Nicholas I. Porritt<br>LEVI & KORSINSKY, LLP<br>33 Whitehall Street, 17th Floor<br>New York, NY, 10004<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>Email: nporritt@zlk.com | Jeremy A. Lieberman<br>POMERANTZ LLP<br>600 Third Avenue<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com |

AJ46213 v.05

13

You will **not** be separately charged for Lead Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 18.  How will the lawyers be paid?

Lead Counsel has litigated this matter since its inception on a fully contingent basis and advanced all expenses on behalf of the Settlement Class. Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Hearing. Lead Counsel will apply for an attorneys' fee award for Plaintiffs' Counsel in the total amount of up to 33-1/3% or 1/3 of the Settlement Fund, plus payment of Plaintiffs' Counsel's expenses incurred in connection with the Litigation in an amount not to exceed $250,000. In addition, the three Lead Plaintiffs may seek a payment of up to $9,000 in the aggregate for their reasonable time, costs and expenses relating to the representation of the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4). Additionally, at the Settlement Hearing, Lead Plaintiffs will ask the Court to approve payment of the Claims Administrator's expenses. Such sums, as may be approved by the Court, will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The Fee and Expense Award requested will be the only payment to compensate Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. The Court will decide what constitutes a reasonable fee and expense award and may award less than the amount requested by Lead Counsel.

## <u>OBJECTING TO THE SETTLEMENT</u>

## 19.  How do I tell the Court that I do not like the proposed Settlement?

If you are a Settlement Class Member (and you have not excluded yourself), you can object to the Settlement if you do not like any part of it, including the Plan of Allocation, the application by Lead Counsel for an award of fees and reimbursement of expenses, or the application for an award under 15 U.S.C. §78u-4(a)(4) to the Lead Plaintiffs. You can state the reasons why you think the Court should not approve it, and the Court will consider your views. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the Litigation will continue.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*NanoX Securities Litigation*, Case Nos. 20-cv-04355-WFK and 21-cv-05517-RPK), (b) be submitted to the Court either by mailing them to the "Clerk of the Court," or by filing them in person at the following address: United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, and (c) be filed or postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.) no later than **January 25, 2024**. Copies should also be provided by that date to counsel for the parties. Lead Counsel's addresses are: Levi & Korsinsky, LLP, c/o Nicholas I. Porritt, Esq., 33 Whitehall Street, 17th Floor, New York, NY, 10004, nporritt@zlk.com, and Pomerantz LLP, c/o Jeremy A. Lieberman, Esq., 600 Third Avenue, New York, NY 10016, jalieberman@pomlaw.com; and Defendants' Counsel's addresses are: Skadden, Arps, Slate, Meagher & Flom LLP, c/o Susan L. Saltzstein, Esq., One Manhattan West, New York, NY 10001, McGuireWoods LLP, c/o Jeffrey J. Chapman, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020, and Barnea Jaffa Lande & Co., c/o Hadar E. Israeli, 58 Harakevet St., 21st Floor, Tel Aviv, Israel 6777016, hisraeli@barlaw.co.il.

The objection must (a) state the reasons you object to the Settlement, (b) provide your name, address, telephone number, and be personally signed by you, (c) include documents sufficient to demonstrate membership in the Settlement Class, consisting of documents showing the number of shares of Nano-X securities you purchased/acquired and/or sold during the period August 21, 2020 through November 17, 2021, inclusive, as well as the dates, number of shares, and prices for each such purchase/acquisition and sale (*i.e.*, copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement), and (d) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel. Do not send the originals of your documentation as they will not be returned.

If you object, you need not come to the Settlement Hearing to have your objection considered. However, any persons wishing to be heard orally at the Settlement Hearing must indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

**20.    What is the difference between objecting and excluding myself?**

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and expenses, or the request for an award to Lead Plaintiffs for representing the Settlement Class. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Litigation no longer applies to you.

## THE COURT'S SETTLEMENT HEARING

**21.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing on **February 15, 2024, at 11:00.a.m.**, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 4E-N, Brooklyn, NY 11201, for the purpose of determining whether: (i) the Settlement, as set forth in the Stipulation, for $8,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (ii) Judgment, as provided under the Stipulation, should be entered; (iii) to award Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (iv) to compensate Lead Plaintiffs for their efforts in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (v) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing or hold the Settlement Hearing by telephonic or video conference without further notice to members of the Settlement Class. Any change to the Settlement Hearing date, time, or manner will be posted on the settlement website (www.NanoXSettlement.com) and may also be found by checking the Court's fee-based Public Access to Court Electronic Records ("PACER") site or with Lead Counsel.

**22.    Do I have to come to the hearing?**

No. Lead Counsel will answer questions the Court may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not necessary. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

**23.    May I speak at the hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must indicate in your written objection (or in a separate writing filed and served in the same manner and by the same date) that it is your "intention to Appear in *NanoX Securities Litigation*, Case Nos. 20-cv-04355-WFK and 21-cv-05517-RPK." Settlement Class Members who intend to object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, or an award to Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class or if you fail to provide written notice to the Court of your intention to speak at the Settlement Hearing by the **January 25, 2024** deadline for objections.

## IF YOU DO NOTHING

**24.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants or the Released Defendant Parties about the claims being released in the Settlement.

## **GETTING MORE INFORMATION**

| **25.   Are there more details about the proposed Settlement?** |
|---|

This Notice contains only a summary of the terms of the proposed Settlement. More details are in the Stipulation. You may obtain a copy of the Stipulation and other documents related to the Settlement, including this Notice, the Proof of Claim and Release form, and the proposed Judgment, at www.NanoXSettlement.com, or by contacting the Claims Administrator by email, telephone or mail at the address provided on page 3. In addition, the records in the Litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Office of the Clerk of the United States District Court for the Eastern District of New York, or through the Court's PACER system at https://ecf.cand.uscourts.gov. You may also contact Nicholas I. Porritt, Esq., Levi & Korsinsky, LLP, 33 Whitehall Street, 17th Floor, New York, NY, 10004, Tel. No. (212) 363-7500, or Jeremy A. Lieberman, Esq., Pomerantz LLP, 600 Third Avenue, New York, NY 10016, Tel. No. (212) 661-1100, if you have any questions about the Litigation or the Settlement.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

### **SPECIAL NOTICE TO NOMINEES**

If you hold any Nano-X securities purchased or acquired between August 21, 2020 and November 17, 2021, inclusive, as a nominee for a beneficial owner, then, within ten (10) business days after you receive this Notice, you must either: (i) send a copy of this Notice, and the enclosed Proof of Claim and Release, by First-Class Mail to all such Persons; or (ii) provide a list of the names and addresses of such Persons to the Claims Administrator at one of the following:

*Nano-X Securities Litigation Settlement*
*Epiq Systems, Inc.*
P.O. Box 6786
Portland, OR 97228-6786
Email: info@NanoXSettlement.com
Telephone: 888-977-4348
www.NanoXSettlement.com

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release, and which would not have been incurred but for the obligation to forward such documents, in an amount not to exceed $0.75 per Notice packet mailed or $0.15 per Settlement Class Member identified and provided to the Claims Administrator, upon submission of appropriate documentation to the Claims Administrator.

Dated: October 31, 2023                          BY ORDER OF THE UNITED STATES DISTRICT
                                                 COURT FOR THE EASTERN DISTRICT OF NEW
                                                 YORK

AJ46216 v.05

16

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW WHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NANO-X IMAGING LTD., RAN POLIAKINE, and ITZHAK MAAYAN, <br><br> Defendants, | Case No. 1:20-cv-04355-WFK-MMH <br><br> Hon. William F. Kuntz, II <br><br> Hon. Magistrate Judge Marcia M. Henry |
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK <br><br><br> Hon. Rachel P. Kovner <br><br> Hon. Magistrate Judge Peggy Kuo |

## PROOF OF CLAIM AND RELEASE

### I.    GENERAL INSTRUCTIONS

1.    To recover as a Settlement Class Member based on the claims in the Actions titled *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355-WFK-MMH, and *In re Nano-X Securities Litigation*, No. 21-cv-05517-RPK-PK (the "Litigation"),[1] you must complete and sign this Proof of Claim and Release ("Proof of Claim"). If you fail to file a properly completed Proof of Claim and Release, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.    YOU MUST SUBMIT YOUR COMPLETED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SO THAT IT IS (1) **IF SUBMITTED ONLINE** AT WWW.NANOXSETTLEMENT.COM, **RECEIVED NO LATER THAN FEBRUARY 19, 2024**; OR (2) **IF SENT BY MAIL, POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.) OR RECEIVED BY THE CLAIMS ADMINISTRATOR (IF SUBMITTED ONLINE) ON OR BEFORE FEBRUARY 19, 2024**, AND ADDRESSED AS FOLLOWS:

*Nano-X Securities Litigation Settlement*
Epiq Systems, Inc.
P.O. Box 6786
Portland, OR 97228-6786

Do not mail or deliver your completed Proof of Claim and Release and/or any supporting documentation to the parties in the Litigation or their counsel. If you are NOT a Settlement Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.    If you are a Settlement Class Member and you do not timely request exclusion, YOU WILL BE BOUND by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

---

[1] This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.NanoXSettlement.com.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased or otherwise acquired publicly listed or publicly traded securities of Nano-X Imaging Ltd. ("Nano-X" or the "Company") (ticker symbol: NNOX) between August 21, 2020 and November 17, 2021, inclusive, and were damaged thereby, unless you are an excluded party under the terms of the Stipulation.

Use Part I of this form titled "Claimant Identification" to identify each purchaser or acquirer of the Nano-X securities that form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE NANO-X SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The social security number (or taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of this form titled "Schedule of Transactions in Nano-X Securities" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your *purchases and acquisitions* of publicly traded or publicly listed Nano-X securities between August 21, 2020 and February 14, 2022, inclusive. On the schedules, state the number of Nano-X securities you held, if any, before Nano-X's August 21, 2020 IPO, and provide all of the requested information with respect to *all* of your *purchases and sales* of Nano-X securities between August 21, 2020 and February 14, 2022, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of Nano-X securities you held at the close of trading on February 14, 2022. Failure to report all such transactions may result in the rejection of your claim.

**Please note:** Only publicly traded or publicly listed Nano-X securities purchased during the Class Period (i.e., from August 21, 2020, through November 17, 2021, inclusive) is eligible to receive a payment under the Settlement. However, sales of Nano-X securities during the period from November 17, 2021, through and including the close of trading on February 14, 2022, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase and sale information during this period must also be provided.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN NANO-X SECURITIES SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at info@NanoXSettlement.com or www.NanoXSettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YOURK
*White v. Nano-X Imaging Ltd.,* No. 20-cv-04355-WFK-MMH, and
*In re Nano-X Securities Litigation*, No. 21-cv-05517-RPK-PK

**PROOF OF CLAIM AND RELEASE**

**PART I: CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Benefical Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City    State/Province    Zip/Postal Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)    Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual    ☐ IRA/401K    ☐ Estate

☐ Joint    ☐ Pension Plan    ☐ Trust

☐ Corporation    ☐ Other _____ (please specify)

## PART II: SCHEDULE OF TRANSACTIONS IN NANO-X SECURITIES

| | |
|---|---|
| **Beginning Holdings:**<br>**A. State the total number of shares of Nano-X securities held before Nano-X's August 21, 2020 IPO** (Must be documented.) If none, write "zero" or "0."<br><br>⬚⬚⬚⬚⬚⬚⬚⬚ . ⬚⬚ | Confirm Proof of Position Enclosed<br><br>☐ |

**Purchases/Acquisitions:**

**B. Purchases or acquisitions of Nano-X securities between August 21, 2020 and February 14, 2022, inclusive:** Separately list each and every purchase/acquisition of publicly traded or publicly listed Nano-X securities made between August 21, 2020 and February 14, 2022, both dates inclusive (must be documented):

| Trade Date(s) Month/Day/Year (chronologically) | Number of Shares Purchased or Acquired | Purchase Price Per Share | Total Purchase or Acquisition Price (excluding commissions) | Purchase/ Acquisition the result of an option | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ | ☐ |
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ | ☐ |
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ | ☐ |
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ | ☐ |

| | |
|---|---|
| **Sales:**<br>**C. Sales of Nano-X securities:** Separately list each and every sale/disposition of publicly traded or publicly listed Nano-X securities made between August 21, 2020 and February 14, 2022, both dates inclusive (must be documented): | **IF NONE, CHECK HERE**<br><br>☐ |

| Trade Date(s) Month/Day/Year (chronologically) | Number of Shares Sold | Sale Price Per Share | Total Sales Price (excluding commissions, taxes, and fees) | Proof of Sale Enclosed |
|---|---|---|---|---|
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ |
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ |
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ |
| | | $ ⬚⬚⬚.⬚⬚ | $ ⬚⬚⬚⬚⬚⬚⬚.⬚⬚ | ☐ |

| | |
|---|---|
| **Ending Holdings:**<br>**D. Number of shares of Nano-X securities held at the close of trading on February 14, 2022:** State the total number of shares of publicly traded or publicly listed Nano-X securities held at the close of trading on February 14, 2022 (must be documented). If none, write "zero" or "0".<br><br>⬚⬚⬚⬚⬚⬚⬚⬚ . ⬚⬚ | Confirm Proof of Position Enclosed<br><br>☐ |

**If additional space is needed, attach separate numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**YOU MUST READ AND SIGN THE RELEASE BELOW.**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY**
**IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Nano-X securities and know of no other Person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, defined below.

2.    "Related Parties" when used in reference to a Person, means and includes (i) the Person; (ii) for natural persons, each of that Person's immediate family members and any trust of which the Person is settler or which is for the benefit of any such Person and/or member of his family, and, for non-natural persons, each of their direct or indirect parents, subsidiaries or wholly-owned affiliates; and (iii), for any of the Persons listed in sub-parts (i) or (ii) of this definition, their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, underwriters, investment bankers, commercial bankers, insurers, reinsurers, predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, attorneys, legal or personal representatives, assigns, and assignees of each of them, and any controlling person thereof, in their capacities as such, and any entity in which such Person has a controlling interest.

3.    "Released Defendant Parties" means Defendants, Defendants' Counsel, and their Related Parties.

4.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below and in ¶1.53 of the Stipulation), against Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against any Defendant in the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" do not include (a) claims between or among Defendants or any combination of Defendants, including claims for indemnification; or (b) between Defendants and their insurers.

5.    "Released Plaintiff Party" or "Released Plaintiff Parties" mean each and every Settlement Class Member, Lead Plaintiffs, Lead Counsel, Plaintiffs' Counsel, and their Related Parties.

6.    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below and in ¶1.53 of the Stipulation), whether arising under federal, state, common, or foreign law, by Released Plaintiff Parties, whether brought directly or indirectly against any of the Released Defendant Parties, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which: (a) relate to any of the allegations, transactions, events, disclosures, statements, acts, or omissions that were asserted, involved, set forth, asserted, or referred to, or could have been asserted, by a Released Plaintiff Party in the Litigation; or (b) arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, holding, sale, disposition, or ownership of Nano-X securities during the Settlement Class Period. "Released Plaintiffs' Claims" do not include claims to enforce the Settlement, or the claims of any Person that submits a Request for Exclusion that is accepted by the Court.

7.    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to the Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties that, if known by him, her, or it, might have affected his, her, or its settlement and release of the Released Plaintiff Parties. With respect to (a) any and all Released Claims against the Released Defendant Parties and (b) any and all Released Defendants' Claims against the Released Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever compromise, settle, and release, and, upon the Effective Date, and by operation of the Judgment, shall have compromised, settled, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

8.    I (We) hereby warrant and represent that I (we) have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about (a) any Nano-X securities I (we) held before Nano-X's August 21, 2020 IPO; (b) all of my (our) purchases or acquisitions of publicly traded or publicly listed Nano-X securities between August 21, 2020 and February 14, 2022, both dates inclusive, (c) all of our my (our) sales of publicly traded or publicly listed Nano-X securities between August 21, 2020 and February 14, 2022, both dates inclusive, and (d) the number of shares of publicly traded or publicly listed Nano-X securities I (we) held at the close of trading on February 14, 2022.

9.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

|  |  |
|---|---|
| _____ Signature | Date: [ ][ ] – [ ][ ] – [ ][ ][ ][ ]  MM    DD    YYYY |

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the above release and acknowledgment.

2.   Remember to attach copies of supporting documentation.

3.   **Do not send** originals of stock certificates or other documentation as they will not be returned.

4.   Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.   If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send your new address to the address below.

7.   **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.), OR RECEIVED ONLINE BY THE CLAIMS ADMINISTRATOR AT THE SETTLEMENT WEBSITE, NO LATER THAN FEBRUARY 19, 2024, ADDRESSED AS FOLLOWS:**

*Nano-X Securities Litigation Settlement*
Epiq Systems, Inc.
P.O. Box 6786
Portland, OR 97228-6786
www.NanoXSettlement.com (online portal)
info@NanoXSettlement.com

07-**CA40066290**
AJ4637 v.07

7

# *EXHIBIT B*

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *Nano-X Securities Litigation*

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publication on the following date:

*12.1.2023 – PR Newswire*

**x** *Kathleen Komraus*
　　　　　　　**(Signature)**

Media & Design Manager
　　　　　　　**(Title)**

# Levi & Korsinsky, LLP and Pomerantz LLP Announce Proposed Settlement of Class Action Involving Purchasers of Nano-X Imaging Ltd. Securities

NEWS PROVIDED BY
**Levi & Korsinsky, LLP and Pomerantz LLP** ➝
01 Dec, 2023, 08:00 ET

NEW YORK, Dec. 1, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK <br><br> Hon. Rachel P. Kovner <br><br> Hon. Magistrate Judge Peggy Kuo |

<u>**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SECURITIES OF NANO-X IMAGING LTD. ("NANO-X" OR THE "COMPANY") BETWEEN AUGUST 21, 2020 AND NOVEMBER 17, 2021, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD").[1]**

**THIS NOTICE WAS AUTHORIZED BY THE COURT AND EXPLAINS HOW YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT. IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.[2]**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United State District Court for the Eastern District of New York, that a hearing will be held on February 15, 2024, at 11:00 a.m. before the Honorable Rachel P. Kovner, United State District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY11201, to determine whether: (1) the proposed Settlement of the above-captioned action (the "Litigation"), as set forth in the Stipulation, for $8,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment, as provided under the Stipulation, should be entered upon payment in full of the $8.0 million settlement amount; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), discussed below), and, if so, in what amount; (4) to grant an award to the three Lead Plaintiffs out of the Settlement Fund for their reasonable time, costs and expenses relating to the representation of the Settlement Class, and if so, in what amount; and (5) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing or hold the Settlement Hearing by telephonic or video conference without further notice to members of the Settlement Class. Any change to the Settlement Hearing date, time, or manner will be posted on the settlement website (www.NanoXSettlement.com).

The Litigation encompasses two securities class actions against Nano-X and the same officers and directors for making allegedly materially false and misleading statements and omissions in Nano-X's public statements between August 21, 2020 and November 17, 2021.

The Settlement was reached on behalf of all Persons and entities who purchased or otherwise acquired Nano-X securities between August 21, 2020 and November 17, 2021, inclusive (the "Settlement Class").

IF YOU PURCHASED OR OTHERWISE ACQUIRED NANO-X SECURITIES (TICKER SYMBOL: "NNOX") DURING THE SETTLEMENT CLASS PERIOD OF AUGUST 21, 2020 THROUGH NOVEMBER 17, 2021, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form so that it is **postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.), or received electronically by the Claims Administrator, no later than February 19, 2024**. Your failure to submit your Proof of Claim and Release by February 19, 2024, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of the Litigation. If you are a member of the Settlement Class and do not submit a Request for Exclusion from the Settlement by **January 25, 2024**, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment and the full and final release of all Released Plaintiffs' Claims as against the Released Defendant Parties, whether or not you submit a Proof of Claim and Release.

This Summary Notice provides only a summary of matters regarding the Litigation and the Settlement. If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to or exclude yourself from the Settlement), and a Proof of Claim and Release, you may obtain these documents, as well as a copy of the Stipulation and other settlement documents, online at www.NanoXSettlement.com, or by writing to:

*Nano-X Securities Litigation Settlement*

c/o Epiq Systems, Inc.

P.O. Box 6786

Portland, OR 97228-6786

Email: info@NanoXSettlement.com

Inquiries should NOT be directed to the Defendants, the Court, or the Clerk of the Court. Inquiries, other than requests for the Notice or a Proof of Claim and Release, may be made to Lead Counsel at:

Nicholas I. Porritt

LEVI & KORSINSKY, LLP

33 Whitehall Street, 17th Floor

New York, NY 10004

Telephone: (212) 363-7500

Facsimile: (212) 363-7171

Email: nporritt@zlk.com

Jeremy A. Lieberman

POMERANTZ LLP

600 Third Avenue

New York, New York 10016

Telephone: (212) 661-1100

Facsimile: (917) 463-1044

Email: jalieberman@pomlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.), OR RECEIVED ELECTRONICALLY BY THE CLAIMS ADMINISTRATOR, NO LATER THAN JANUARY 25, 2024,** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT TIMELY REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A PROOF OF CLAIM AND RELEASE.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, PLAN OF ALLOCATION, REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR AWARD TO THE LEAD PLAINTIFFS FOR REPRESENTING THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL SUCH THAT IT IS **POSTMARKED (FOR U.S. MAIL) OR RECEIVED BY THE PRIVATE CARRIER (FOR FEDEX, UPS, ETC.), OR (FOR COPIES SENT TO COUNSEL), RECEIVED ELECTRONICALLY, NO LATER THAN JANUARY 25, 2024,** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: October 31, 2023

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK
THE HONORABLE MAGISTRATE JUDGE PEGGY KUO

_____

[1] Such Persons and entities may be members of the Settlement Class unless excluded under the terms of the Stipulation of Settlement, dated June 2, 2023 (the "Stipulation"). In re Nano-X Securities Litigation, Case No. 1:21-cv-05517-RPK-PK. Dkt. No. 67-1.

[2] Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Stipulation, which can be viewed and/or obtained at www.NanoXSettlement.com.

URL: www.NanoXSettlement.com

SOURCE Levi & Korsinsky, LLP and Pomerantz LLP