UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK <br><br> Hon. Rachel P. Kovner <br><br> Hon. Magistrate Judge Peggy Kuo |

DECLARATION OF DAVID J. ROSS

I, David J. Ross, declare as follows:

1.      I serve as Director for court-appointed Lead Plaintiff Davian Holdings Limited ("Davian Holdings") in the above-captioned action (the "Action") and I am fully authorized to execute and submit this declaration on its behalf.  I respectfully submit this declaration in support of the motion to approve the proposed settlement of the Action, as set forth in the Stipulation of Settlement, dated June 2, 2023 (ECF No. 67-1) (the "Stipulation"); and the motion for an award of attorneys' fees and expenses; and awards to Lead Plaintiffs.  I have personal knowledge of the matters stated herein and, if called upon, I would testify thereto.

2.      Davian Holdings is a limited liability company registered in New Zealand that holds investments totaling approximately $30 million on behalf of two trusts for the benefit of my family.

3.      On January 25, 2022, the Court appointed Davian Holdings as Lead Plaintiff in the above-captioned Action pursuant to Section 21D(a)(3) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified at 15 U.S.C. § 78u-4(a)(3).  In seeking appointment as lead plaintiff, I understood my duty to serve the interests of the proposed class by supervising the

- 1 -

management and prosecution of the Action under the guidance of lead counsel Pomerantz LLP.  I understand the Derson O. Jolteus and Edward Ko were appointed as lead plaintiffs in a collateral action against Nano-X Imaging Ltd. captioned *White v. Nano-X Imaging Ltd.*, No. 1:20-cv-04355-WFK-MMH, and that their lead counsel at Levi & Korsinksky, LLP were recently designated as Co-Lead Counsel for the class in this Action in connection with the settlement described below.

4.      Following Davian Holding's appointment as Lead Plaintiff, I have worked closely with my attorneys at Pomerantz LLP and liaison counsel at the Schall Law Firm to stay informed about, and monitor the progress of, the Action.  Specifically, as lead plaintiff, I:  (a) received status reports and regularly communicated with my attorneys regarding the posture and progress of the case; (b) reviewed significant pleadings and briefs; (c) reviewed various Court orders and discussed them with my attorneys; and (d) evaluated and approved the proposed Settlement.  Through my active participation, I was kept informed about prosecution of the Action, the potential impact of *White v. Nano-X Imaging Ltd.*, the strengths and risks of the claims, and the progress of settlement negotiations.

5.      I understand that a cash settlement has been reached to resolve the Action for a cash payment of $8 million.  In March 2023, I authorized lead counsel on behalf of Davian Holdings to settle the Action for $8 million.  In doing so, I weighed the substantial and immediate benefits of the potential settlement against the significant risks, uncertainties, and delay of continued litigation, including the possibility of no recovery at all.  Based on my active involvement in this Action as Lead Plaintiff, I believe that the settlement provides an excellent recovery for the class, particularly in light of the risks, uncertainties, and delay of continued litigation.  Thus, I believe that the settlement is fair, reasonable, and adequate and is in the best interest of the class.

6.      I also understand that Co-Lead Counsel will jointly request that the Court award attorneys' fees in the amount of one-third of the settlement amount and reimbursement of their

litigation expenses.  While I recognize that the determination to award attorneys' fees and expenses is made by the Court, I believe that Co-Lead Counsel's fee and expense request is fair and reasonable under the circumstances.  This conclusion is based my oversight of, and involvement in, the Action as well as my assessment of the risks and challenges posed by the Action, the quality and quantity of work performed by Co-Lead Counsel, and the results obtained.  In addition, the proposed fee is consistent with the retainer agreement that I entered into with Pomerantz LLP on behalf of Davian Holdings at the outset of its involvement in this matter.  I further believe that the litigation expenses requested are reasonable and represent the costs and expenses that were necessary for the successful prosecution and resolution of this Action.  Based on the foregoing, and consistent with my obligation to the class as Lead Plaintiff, I support Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of their litigation expenses.

7.      I further understand that that the Court may reimburse a class representative for the costs and expenses incurred in connection with representing the class.  In my role as Lead Plaintiff, I worked closely with my attorneys to ensure that the class received fair and adequate representation and to maximize the recovery for the class.  The time that I devoted to the representation of absent class members was time that I would have spent on other activities and, thus, represented a cost to Davian Holdings.  Accordingly, I respectfully request that the Court award Davian Holdings a service award of $3,000 to compensate it for the time that I spent representing the interests of absent class members.  I believe this request is fair and reasonable.

8.      For all the foregoing reasons, I respectfully request that the Court:  (i) approve the settlement; (ii) award Co-Lead Counsel their requested attorneys' fees and expenses; and (iii) award $3,000 to Davian Holdings for the time I devoted to the representation of the class.

- 3 -

- 4 -

        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of January, 2024, at Auckland, New Zealand.


                        */s/ David J. Ross*
                        David J. Ross