**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK<br><br><br>Hon. Rachel P. Kovner<br><br>Hon. Magistrate Judge Peggy Kuo |

**DECLARATION OF NICHOLAS I. PORRITT**

I, Nicholas I. Porritt, declare as follows pursuant to 28 U.S.C. §1746:

1.      I am a partner of the firm of Levi & Korsinsky LLP, Court-appointed lead counsel in *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355, and which, along with Pomerantz LLP, is one of the two firms appointed as Co-Lead Counsel for the Settlement Class in the litigation that is being globally settled in  *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355, and *In re Nano-X Securities Litigation*, No. 1:21-cv-05517-RPK-PK (*see* ECF No. 75), and have represented Plaintiffs Derson Jolteus and Edward Ko throughout this litigation. I am admitted to practice law before this Court and have personal knowledge of the various matters set forth herein based on my day-to-day participation in and oversight of the prosecution and settlement of this Action.

2.      I submit this Declaration in support of Lead Plaintiff Davian Holdings Limited, together with additional plaintiffs and class representatives Derson Jolteus, and Edward Ko and (collectively, "Plaintiffs") Unopposed Motion for: (1) Final Approval of the Class Action Settlement; (2) Approval of the Plan of Allocation; (3) Certification for Settlement Purposes; (4) an Award of Attorneys' Fees and Reimbursement of Expenses; and (5) Awards for Plaintiffs.

1

3. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as in the Stipulation of Settlement (as amended) entered into on June 2, 2023 (ECF 67-1, the "Stipulation").

4. A copy of Levi & Korsinsky's firm resume is attached hereto as Exhibit 1.

5. The Declaration of Derson O. Jolteus (the "Jolteus Decl.") is attached hereto as Exhibit 2.

### Preliminary Statement

6. The proposed Settlement provides for the full resolution of Lead Plaintiffs' claims and the claims of the Settlement Class arising from the alleged violations Sections 10(b) and 20(a) of the Exchange Act of 1934 by Defendants in this Action, in exchange for an all-cash payment of $8,000,000. As detailed in the Declaration of Justin D'Aloia and herein, Plaintiffs and Co-Lead Counsel respectfully submit that the Settlement represents a fair, adequate, and reasonable result for the Settlement Class considering the significant risks of continued litigation.

7. Plaintiffs and Co-Lead Counsel are well informed of the strengths and weaknesses of the claims and the defenses asserted in this Action. In choosing to settle, Plaintiffs and Co-Lead Counsel took into consideration the substantial risks associated with advancing the claims alleged in the Action, as well as the duration and complexity of the legal proceedings that remained ahead. Had the Settlement not been reached, there were considerable barriers to a greater recovery, or any recovery at all.

### History of the Litigation

8. Levi & Korsinsky has been involved in litigation against the Defendants in these Actions since September 2020 and through the preparation of these final approval papers. We actively engaged in the prosecution of claims against the Defendants in these Actions, including

investigating the relevant facts, drafting an initial and amended complaint, and negotiating the Settlement.

9.      Levi & Korsinsky initially represented Lead Plaintiffs Derson Jolteus, and Edward Ko in the first-class action was filed against Nano-X in the Eastern District of New York, captioned *White v. Nano-X Imaging Ltd.*, No. 20-cv-04355 (the "*White* Action"), on behalf of all investors who purchased Nano-X securities between August 21, 2020 and September 15, 2020 (the "Class Period").  Although by November 30, 2020, all competing movants filed notices of non-opposition and withdrew their lead plaintiff motions, Lead Plaintiffs were not appointed until August 30, 2022.

10.      On behalf of Plaintiffs in the *White* Action, Levi & Korsinsky investigated and filed an 82-page amended complaint on October 31, 2022 (*White* Action, ECF No. 62). As amended, the Complaint maintained the same Class Period and claims under Sections 10(b) and 20(a) of the Exchange Act against former CEO Nano-X, Poliakine, and the former CFO Itzhak Maayan as in the initial complaint, while adding new allegations relating to Defendants' statements regarding regulatory approval prospects for the Nano-X System, despite deficiencies by Defendants with Nano-X's applications and their distributors' ability to carry out the Nano-X's contracts because they lacked experience in the medical-imaging field. In addition to alleging that the Registration Statement contained misstatements and omissions, the *White* amended complaint alleged that Defendants made false and misleading statements to financial analysts and investors at presentations on September 14 and 15, 2020.  The *White* amended complaint also alleged that Defendants violated their duties under Item 303 of Regulation S-K, 17 C.F.R. § 229.303(ii) and Item 105 of Regulation S-K, 17 C.F.R. § 229.105.  (*See White* Action, ECF No. 62.)

11.    In the period between the filing of notices of non-opposition to the lead plaintiff motion in the *White* Action on November 30, 2020 and the court's appointment of Derson Jolteus, and Edward Ko as lead plaintiffs on August 30, 2022, Daniel McLaughlin filed this Action on October 5, 2021. The *McLaughlin* complaint brought Section 10(b) and 20(a) claims against Defendants on behalf of all persons who purchased NanoX securities between June 17, 2021, and August 18, 2021, for alleged misrepresentations they made about the commercial prospects and purported "novelty" of the Nanox System.

12.    Defendants also sought at various times to deem the White Action and this Action as related actions for purposes of consolidation and/or reassignment, including by filings on December 21, 2021 and June 3, 2022, which Plaintiffs opposed.  The latter filing, a motion to consolidate these Actions, was pending before Judge Kuntz at the time of Mediation and Settlement,

13.    On November 21, 2022, Defendants sought leave from the Judge Kuntz in the *White* Action to file a motion to stay the *White* Action pending the outcome of the Motion to Dismiss then pending in the *In re Nano-X* Action, or in the alternative to file a Motion to Dismiss in the *White* Action. On December 2, 2022, the court in the *White* Action granted Defendants leave to file a motion to stay only. At the time of the Mediation and Settlement, that motion to stay was fully briefed, and the parties awaited Judge Kuntz's decision.

## The Settlement

14.    In March 2023, the parties recognized that a window had opened for settlement discussions as they awaited decisions on the motion to consolidate the two Actions, the motion to stay the *White* Action, and the motion to dismiss in this Action.

15.     The putative class period and class members in the *White* Action overlap and are entirely subsumed within the putative class in this Action, and the claims in both actions relate to class members' purchase or acquisition of Nano-X securities.  Because all class members in the *White* Action are members of the broader class in this Action, the parties believe the global mediation of the pending actions would be most efficient for the Settlement Class.

16.     Before the mediation, each party submitted detailed mediation statements along with exhibits thereto. On April 3, 2022, the parties attended a formal, full-day, in-person mediation in New York City with Jed Melnick, Esq., of JAMS. Nano-X representatives attended remotely from Israel.  The parties participated in vigorous arm's-length negotiations concerning whether an early-stage resolution was possible considering the risks perceived by both sides.

17.     The mediation was ultimately successful. After this full-day session, the parties continued their good faith efforts to resolve the case and continued to negotiate a Term Sheet, which was executed April 28, 2023. The Term Sheet contemplated full release of liability of Defendants in return for a cash payment of $8 million for the benefit of the Settlement Class, subject to the negotiation of the Stipulation and approval by the Court. The Stipulation (together with the Exhibits thereto) that was thereafter negotiated reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

18.     While the Stipulation reflects the terms of a global settlement reached among the parties in both this Action and the *White* Action, only this Action is subject to Court approval under Fed. R. Civ. P. 23(e).

**Lead Plaintiffs' Compliance with the Stipulation and Preliminary Approval Order and Reaction of the Settlement Class to Date**

19.     Pursuant to the Stipulation, on June 2, 2023, the parties wrote to Judge Kuntz and Magistrate Judge Henry requesting that (1) they approve the settlement approval procedures

5

described above and set forth in Section 3.2 of Stipulation; and (2) stay all proceedings in the *White* Action during the settlement approval process in this Action. On June 6, 2023, Judge Kuntz granted the parties' requests.

20.     On October 31, 2023, the Court in this Action entered an Order granting preliminary approval of the Settlement and authorizing notice of the proposed Settlement to potential Settlement Class Members (ECF No. 75) (the "Preliminary Approval Order"). As provided therein, the deadline to submit objections to the Settlement, or to request exclusion from the Settlement Class, is January 25, 2024, and a Settlement Hearing is scheduled for February 15, 2024, at 11:00 a.m. *Id.*

21.     Pursuant to the Preliminary Approval, the Court approved the appointment of Epiq Global  as Claims Administrator in the Action and instructed Epiq to: (i) disseminate to the Notice and Proof of Claim and Release form to potential Settlement Class Members by no later than November 21, 2023; (ii) place a copy of the Stipulation, Notice, and Proof of Claim and Release form on a website dedicated to the Settlement; and (iii) publish the Summary Notice by no later than December 1, 2023. Dkt. No. 75 at 25-26.   As discussed at greater length in the D'Aloia Declaration and the Declaration of Eric Blow attached as an exhibit thereto, the notice program approved by the Court has since been carried out.

22.     In total, 41,872 potential Settlement Class Members were notified of the Settlement by mail or email as of January 10, 2024.  Blow Decl. ¶ 8.  On December 1, 2023, Epiq also published the Summary Notice over *PR Newswire*. *Id.* ¶ 9.  To date, there have been no objections to any aspect of the Settlement, nor have any Settlement Class Members requested exclusion from the Settlement Class. *Id.* ¶¶ 15-16.

6

**Co-Lead Counsel's Application for Attorneys' Fees and Expenses**

23.     Consistent with the Notice to the Settlement Class, Co-Lead Counsel seeks a fee award of one-third of the Settlement Fund, or $2,666,666.67.  Apart from Levi & Korsinsky and Pomerantz LLP, no other attorneys will share the awarded attorneys' fees. Co-Lead Counsel also requests reimbursement of their out-of-pocket litigation expenses in the total amount of $91,076.19.

24.     The investigation, prosecution, and settlement of the claims asserted against Defendants as summarized above required diligent efforts on the part of Levi & Korsinsky. Among other efforts, Co-Lead Counsel conducted a comprehensive investigation in connection with preparation of the operative 82-page Amended Complaint in the *White* Action and engaged in a vigorous settlement negotiation process with highly experienced defense counsel. At all times throughout the pendency of the litigation against Defendants, Co-Lead Counsel's efforts were driven and focused on advancing the litigation to bring about the most successful outcome for the Settlement Class, whether through settlement or trial.

25.     The following table summarizes Lead Counsel's time records. The table reports the amount of time spent by Lead Plaintiffs' attorneys and professional support staff and the "lodestar" calculations, i.e., their hours multiplied by their current hourly rates. The total number of hours spent on the litigation of the Action by my firm through today's date is 915.75. The total lodestar amount for attorney time based on the firm's current rates is $539,085.00 A breakdown of the lodestar is set forth in the chart below:

7

**Total Hours and Lodestar**

| NAME AND STATUS | TOTAL HOURS | RATE | TOTAL LODESTAR |
|---|---|---|---|
| Nicholas Porritt (P) | 101.2 | $1000 | $101,200.00 |
| Adam Apton (P) | 8.5 | $900 | $7,650.00 |
| Andrew Lencyk (O) | 182.7 | $850 | $155,295.00 |
| Max Weiss (A) | 388.15 | $500 | $194,075.00 |
| Wilma Rodriguez (L) | 29.5 | $475 | $14,012.50 |
| Gaynor Mugar (S) | 19.3 | $325 | $6,272.50 |
| Irene Kolonias (S) | 186.4 | $325 | $60,580.00 |
| **Total:** | **915.75** | | **$539,085.00** |

(P) - Partner; (O) - Of Counsel; (A) - Associate; (L) - Law Clerk; (S) - Staff

26. My firm incurred a total of **$36,050.13** in unreimbursed expenses in connection with the prosecution of this litigation, including anticipated expenses associated with this Motion. They are broken down as follows:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Legal Research Fees | $2,385.54 |
| Investigator Fees | $10,973.05 |
| Mediation Fee | $7,130.54 |
| Financial Expert Fees | $15,561.00 |
| Printing | $442.91 |
| **Total:** | **$36,050.13** |

27. The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount.

The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

28.    My firm's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

29. I have read the declaration of Justin D'Aloia filed herewith and concur in his assessment of that the proposed Settlement represents an excellent result for the Settlement Class considering the significant risks of continued litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2024 in Washington, D.C.

*Nicholas Porritt*
_____
Nicholas I. Porritt