# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK<br><br>Hon. Rachel P. Kovner<br><br>Hon. Magistrate Judge Peggy Kuo |

**DECLARATION OF DERSON O. JOLTEUS IN SUPPORT OF: (A) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (B) CO-LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES, AND SERVICE AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

I, Derson O. Jolteus, hereby declare under penalty of perjury as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Final Approval of Settlement and Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I am over the age of 18 and have personal knowledge of the matters set forth in this Declaration, as I have been directly involved in monitoring and overseeing the prosecution of this matter, as well as the negotiation leading to the Settlement, and I can and would testify competently to these matters.

3.      I was appointed as a co-lead plaintiff along with Edward Ko in a connected case, entitled *White v. Nano-X Imaging Ltd.*, No. 1:20-cv-04355-WFK-MMH. Prior to appointment as lead plaintiff, I had reviewed the complaint filed in that action. I also confirm that I  did not

purchase Nano-X stock at the direction of plaintiff's counsel or in order to participate in either *White v. Nano-X Imaging Ltd.* or this action;

4.      Since the filing of *White v. Nano-X Imaging Ltd.* back in September 2020, I have remained actively engaged with the various proceedings and developments in the case by staying in regular communication with my attorneys at Levi & Korsinsky, LLP. Through my active participation and communications with counsel, I was kept informed of the progress of the action as well as the Settlement negotiations. In connection with the mediation with Jed Melnick of JAMS ADR to resolve the claims in this action, I conferred with my attorneys regarding the parties' respective positions and the mediator's recommendation.

5.      I authorized Levi & Korsinsky to settle *In re Nano-X Securities Litigation* for a payment of $8 million in cash to the class. In doing so, I considered the merits of the claims against Defendants. In concluding that the Settlement is fair and reasonable, and after receiving advice from Levi & Korsinsky, I weighed the Settlement's substantial benefits to the class against the significant risks and uncertainties of continued litigation.

6.      Given my familiarity with the issues in the case and the negotiations that took place during the mediation last year, I believe that the settlement represents an excellent outcome. It will return a significant amount of money to investors that lost money because of the alleged fraud concerning misrepresentations and omissions made by Defendants in their public filings and during their public statements concerning the manufacturing costs for the Nanox System and its equivalence to existing technology. Because the class period and class members in *White v. Nano-X Imaging Ltd.* overlap and are included within the broader class in *In re Nano-X Securities Litigation*, I am included among those investors and welcome the opportunity to put the alleged claims in these actions to rest after years of litigation. Considering the potential lengthy delay before any class recovery following trial, as well as the risk of no recovery, and considering Nano-X's financial position, I support this settlement. Accordingly, I believe the Court should grant Plaintiffs' motion and approve the settlement.

7.      My attorneys at Levi & Korsinsky, and the attorneys of the law firm for co-class

counsel, Pomerantz LLP, are requesting an award for attorneys' fees and reimbursement of expenses. This award will compensate them for their time and effort expended in this litigation on a contingency fee basis. I understand that they are jointly seeking a fee equal to one-third of the settlement plus reimbursement of their out-of-pocket expenses. Given the result they obtained, the risks they undertook in prosecuting this action on a wholly contingent basis, and the reasonableness and necessity of the expenses they incurred which they advanced on behalf of the class, I believe their request is entirely fair and well-deserved. I further believe the litigation expenses being requested for reimbursement to Co-Lead Counsel are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims against Defendants. In addition, the proposed fee is consistent with the retainer agreement that I entered into with Levi & Korsinsky at the outset of my involvement in this matter. Based on my experience working with counsel, my general knowledge that contingent fees of one-third of the recovery are routine in complicated securities class actions like this one, and the excellent result achieved, I support Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

8.    As Lead Plaintiff, I understand that I am not eligible to receive any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class. I understand that this permits an award to reimburse a lead plaintiff or class representative for his, her or its reasonable costs and expenses for serving on behalf of a class. For this reason, in connection with Co-Lead Counsel's request for reimbursement of litigation expenses, I request that a service award in the total amount of $9,000, to be split evenly between myself, Mr. Ko, and Davian Holdings Limited, be approved. Our initiative and efforts in commencing and overseeing this litigation helped in part to achieve the result obtained for the class. Had we not stepped forward, there may have been no litigation and no recovery for the class. Therefore, I respectfully request that the service award, which I believe fairly compensates for the time and effort spent serving as lead plaintiff, from my initial involvement through the present date, and which was time and effort that I could have spent

on my day-to-day employment.

9.    In conclusion, I was closely involved throughout the prosecution and settlement of the claims against Defendants, strongly endorse the Settlement as fair and adequate, and believe that the Settlement represents a significant recovery for the Settlement Class. Accordingly, I respectfully request that the Court approve (a) Plaintiffs' motion for final approval of the proposed Settlement and approval of the Plan of Allocation; (b) Co-Lead Counsel's motion for an award of attorney's fees and reimbursement of litigation expenses; and (c) the request for service awards for representing the Settlement Class.

I, Derson O. Jolteus, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this _____ day of January, 2024.

_____
DERSON O. JOLTEUS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK<br><br><br>Hon. Rachel P. Kovner<br><br>Hon. Magistrate Judge Peggy Kuo |

**DECLARATION OF DERSON O. JOLTEUS IN SUPPORT OF: (A) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (B) CO-LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES, AND SERVICE AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

I, Derson O. Jolteus, hereby declare under penalty of perjury as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Final Approval of Settlement and Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I am over the age of 18 and have personal knowledge of the matters set forth in this Declaration, as I have been directly involved in monitoring and overseeing the prosecution of this matter, as well as the negotiation leading to the Settlement, and I can and would testify competently to these matters.

3.      I was appointed as a co-lead plaintiff along with Edward Ko in a connected case, entitled *White v. Nano-X Imaging Ltd.*, No. 1:20-cv-04355-WFK-MMH. Prior to appointment as lead plaintiff, I had reviewed the complaint filed in that action. I also confirm that I  did not

purchase Nano-X stock at the direction of plaintiff's counsel or in order to participate in either *White v. Nano-X Imaging Ltd.* or this action;

4.    Since the filing of *White v. Nano-X Imaging Ltd.* back in September 2020, I have remained actively engaged with the various proceedings and developments in the case by staying in regular communication with my attorneys at Levi & Korsinsky, LLP. Through my active participation and communications with counsel, I was kept informed of the progress of the action as well as the Settlement negotiations. In connection with the mediation with Jed Melnick of JAMS ADR to resolve the claims in this action, I conferred with my attorneys regarding the parties' respective positions and the mediator's recommendation.

5.    I authorized Levi & Korsinsky to settle *In re Nano-X Securities Litigation* for a payment of $8 million in cash to the class. In doing so, I considered the merits of the claims against Defendants. In concluding that the Settlement is fair and reasonable, and after receiving advice from Levi & Korsinsky, I weighed the Settlement's substantial benefits to the class against the significant risks and uncertainties of continued litigation.

6.    Given my familiarity with the issues in the case and the negotiations that took place during the mediation last year, I believe that the settlement represents an excellent outcome. It will return a significant amount of money to investors that lost money because of the alleged fraud concerning misrepresentations and omissions made by Defendants in their public filings and during their public statements concerning the manufacturing costs for the Nanox System and its equivalence to existing technology. Because the class period and class members in *White v. Nano-X Imaging Ltd.* overlap and are included within the broader class in *In re Nano-X Securities Litigation*, I am included among those investors and welcome the opportunity to put the alleged claims in these actions to rest after years of litigation. Considering the potential lengthy delay before any class recovery following trial, as well as the risk of no recovery, and considering Nano-X's financial position, I support this settlement. Accordingly, I believe the Court should grant Plaintiffs' motion and approve the settlement.

7.    My attorneys at Levi & Korsinsky, and the attorneys of the law firm for co-class

counsel, Pomerantz LLP, are requesting an award for attorneys' fees and reimbursement of expenses. This award will compensate them for their time and effort expended in this litigation on a contingency fee basis. I understand that they are jointly seeking a fee equal to one-third of the settlement plus reimbursement of their out-of-pocket expenses. Given the result they obtained, the risks they undertook in prosecuting this action on a wholly contingent basis, and the reasonableness and necessity of the expenses they incurred which they advanced on behalf of the class, I believe their request is entirely fair and well-deserved. I further believe the litigation expenses being requested for reimbursement to Co-Lead Counsel are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims against Defendants. Based on my experience working with counsel, my general knowledge that contingent fees of one-third of the recovery are routine in complicated securities class actions like this one, and the excellent result achieved, I support Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

8.    As Lead Plaintiff, I understand that I am not eligible to receive any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class. I understand that this permits an award to reimburse a lead plaintiff or class representative for his, her or its reasonable costs and expenses for serving on behalf of a class. For this reason, in connection with Co-Lead Counsel's request for reimbursement of litigation expenses, I request that a service award in the total amount of $9,000, to be split evenly between myself, Mr. Ko, and Davian Holdings Limited, be approved. Our initiative and efforts in commencing and overseeing this litigation helped in part to achieve the result obtained for the class. Had we not stepped forward, there may have been no litigation and no recovery for the class. Therefore, I respectfully request that the service award, which I believe fairly compensates for the time and effort spent serving as lead plaintiff, from my initial involvement through the present date, and which was time and effort that I could have spent on my day-to-day employment.

9.      In conclusion, I was closely involved throughout the prosecution and settlement of the claims against Defendants, strongly endorse the Settlement as fair and adequate, and believe that the Settlement represents a significant recovery for the Settlement Class. Accordingly, I respectfully request that the Court approve (a) Plaintiffs' motion for final approval of the proposed Settlement and approval of the Plan of Allocation; (b) Co-Lead Counsel's motion for an award of attorney's fees and reimbursement of litigation expenses; and (c) the request for service awards for representing the Settlement Class.

I, Derson O. Jolteus, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 11th day of January, 2024.

_____
DERSON O. JOLTEUS