**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NANO-X SECURITIES LITIGATION | Case No. 1:21-cv-05517-RPK-PK<br><br><br>Hon. Rachel P. Kovner<br><br>Hon. Magistrate Judge Peggy Kuo |

**NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER
SUPPORT OF MOTIONS FOR (1) FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION; AND (2) AWARD OF ATTORNEYS'
FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO PLAINTIFFS**

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ...................................................................................1

II.  THE CLAIMS ADMINISTRATOR COMPLETED A ROBUST NOTICE
PROGRAM APPROVED BY THE COURT.......................................................................2

III.  THE LACK OF OBJECTIONS SUPPORTS THE MOTIONS .........................................3

IV.  THE SMALL NUMBER OF EXCLUSIONS SUPPORTS THE MOTIONS ....................4

V.  CONCLUSION....................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Detroit v. Grinnell Corp.*,
 495 F.2d 448 (2d Cir. 1974)..............................................................................................1

*Ebbert v. Nassau County*,
 2011 WL 6826121 (E.D.N.Y. Dec. 22, 2011) ...................................................................3

*Goldberger v. Integrated Res., Inc.*,
 209 F.3d 43 (2d Cir. 2000)................................................................................................1

*In re Luxottica Grp. S.p.A. Sec. Litig.*,
 233 F.R.D. 306 (E.D.N.Y. 2006) ...................................................................................1, 3

*In re MetLife Demutualization Litig.*,
 689 F. Supp. 2d 297 (E.D.N.Y. 2010) ..............................................................................3

*In re N. Dynasty Mins. Ltd. Sec. Litig.*,
 2024 WL 308242 (E.D.N.Y. Jan. 26, 2024) .....................................................................4

*In re Signet Jewelers Ltd. Sec. Ltd.*,
 2020 WL 4196468 (S.D.N.Y. July 21, 2020) ...................................................................3

*In re Veeco Instruments Inc. Sec. Litig.*,
 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007).....................................................................1

*In re Veeco Instruments Inc. Sec. Litig.*,
 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007).....................................................................3

*Morris v. Affinity Health Plan, Inc.*,
 859 F. Supp. 2d 611 (S.D.N.Y. 2012)...............................................................................4

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
 2013 WL 4525323 (E.D.N.Y. Aug. 27, 2013)...............................................................3, 4

*Rodriguez v. CPI Aerostructures, Inc.*,
 2023 WL 2184496 (E.D.N.Y. Feb. 16, 2023)....................................................................3

*Wal-Mart, Inc.. v. Visa U.S.A., Inc.*,
 396 F.3d 96 (2d Cir. 2005)................................................................................................1

Plaintiffs and Co-Lead Counsel respectfully submit this notice of non-opposition and reply in further support of their motions for (1) final approval of the class action settlement and plan of allocation (the "Final Approval Motion"); and (2) award of attorneys' fees, reimbursement of litigation expenses, and awards to Plaintiffs (the "Fee and Expense Motion," and collectively, with the Final Approval Motion, the "Motions").[1]

## I.    PRELIMINARY STATEMENT

On January 11, 2024, Plaintiffs filed their Motions seeking the entry of a final judgment and order (1) approving the proposed $ 8 million class-wide Settlement of this Litigation and the Plan of Allocation for distribution Settlement proceeds; and (2) awarding attorneys' fees totaling one-third of the Settlement Amount and litigation expenses in the amount of $91,076.19, together with interest thereon; and (3) awarding Plaintiffs $3,000 each, or $9,000 in total, for their service as representatives on behalf of the Settlement Class.

Under controlling Second Circuit law, one of the factors that courts must consider when evaluating such requests in the reaction of the class to the settlement and the fee and expense application. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). As the Second Circuit has observed, this is "perhaps the most significant factor" in the overall inquiry. *Wal-Mart, Inc.. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). It offers powerful "evidence" that the requests are fair and reasonable under the circumstances. *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 312 (E.D.N.Y. 2006) (final settlement approval); *see also In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (same for fee and expense request).

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning set forth in the Motions, including the definitions from the Stipulation incorporated therein. The Supplemental Declaration of Eric Blow (the "Supplemental Blow Declaration") is attached as Exhibit 1 to the accompanying Declaration of Justin D. D'Aloia (the "D'Aloia Reply Declaration").

The Court-ordered deadline for Settlement Class Members to object to the Settlement, including the Plan of Allocation, or the Fee and Expense Application, or to opt-out of the Settlement Class, was January 25, 2024.  As of this filing, no Settlement Class Member has objected and only five (5) Settlement Class Members have requested exclusion from the Settlement Class.  Accordingly, the reaction of the Settlement Class to the proposed Settlement, Plan of Allocation, and Fee and Expense Application strongly supports the conclusion that the Settlement, Plan of Allocation, and the Fee and Expense Application, are fair, reasonable, and adequate.

Plaintiffs respectfully request that the Court grant the Motions and enter the [Proposed] Final Judgment and Order of Dismissal attached as Exhibit 3 to the D'Aloia Reply Declaration.

## II.   THE CLAIMS ADMINISTRATOR COMPLETED A ROBUST NOTICE PROGRAM APPROVED BY THE COURT

As set forth in the initial Blow Declaration and the accompanying Supplemental Blow Declaration, notice of the proposed Settlement was sent to over 77,880 potential Settlement Class Members and/or their nominees in the manner and form approved by the Court, and transmitted over *PR Newswire*, in accordance with the Court's Preliminary Approval Order.  Among other things, these notices summarized the material terms of the proposed Settlement, advised that Lead Counsel would apply for an award of attorneys' fees up to one-third of the Settlement Amount and out-of-pocket litigation expenses not to exceed $250,000, plus interest thereon, and directed potential Settlement Class Members to a Settlement-specific website for more information regarding the Settlement, including the terms of the Plan of Allocation and how to submit a Proof of Claim and Release, object to the Settlement, or request exclusion from the Settlement Class.  To date, there have been a total of 1,150 Claims received to date.  Supp. Blow Decl. ¶ 8.  It is anticipated that more will be filed ahead of the February 19, 2024 deadline to do so.

## III.    THE LACK OF OBJECTIONS SUPPORTS THE MOTIONS

Notably, not a single Settlement Class Member has raised an objection to any aspect of the Settlement, the Plan of Allocation, or the Fees or Expense Application, including the request for service awards to Plaintiffs.  *See* D'Aloia Reply Decl. ¶ 6; Supp. Blow Decl. ¶ 7.

It is "well-settled" that "the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 333 (E.D.N.Y. 2010) (citation omitted).  And the "complete lack of objection indicates an overwhelmingly positive reaction from the class." *Ebbert v. Nassau County*, 2011 WL 6826121, at *10 (E.D.N.Y. Dec. 22, 2011) (Tomlinson, M.J.).  Indeed, "the lack of objections may well evidence the fairness of the settlement" by itself. *Velez v. Novartis Pharms. Corp.*, 2010 WL 4877852, at *13 (S.D.N.Y. Nov. 30, 2010) (cited with approval in *Rodriguez v. CPI Aerostructures, Inc.*, 2023 WL 2184496, at *15 (E.D.N.Y. Feb. 16, 2023) (Pollak, M.J.)); *see also Luxottica*, 233 F.R.D. at 311 ("Lack of objection is strong evidence of the settlement's fairness.")

A favorable reaction by the class is also strong evidence supporting approval of the plan of allocation.  *See Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 2013 WL 4525323, at *13 (E.D.N.Y. Aug. 27, 2013) ("absence of objections from class members" supports approval of plan of allocation as fair and reasonable); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) (that "not one class member has objected to the Plan of Allocation" is a "favorable reaction" that "supports approval of the Plan of Allocation").

Finally, the Notice made available to each potential Settlement Class Member identified the maximum amount that would be sought in fees and expenses, affording Settlement Class Members the opportunity to address any portion they deemed unreasonable.  The fact that "no one objected" is factor that "support[s] granting Lead Counsel's request to approve the fee." *Rodriguez*, 2023 WL 2184496, at *14; *see also In re Signet Jewelers Ltd. Sec. Ltd.*, 2020 WL

- 3 -

4196468, at *21 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and litigation expenses supports a finding that the request is fair and reasonable.").

## IV.    THE SMALL NUMBER OF OPT-OUTS SUPPORTS THE MOTIONS

The deadline to request exclusion from the Settlement Class was January 25, 2024.  To date, only five (5) members of the Settlement Class, holding a total of 3,002 shares of the more than 34 million shares outstanding and freely transferable as of the close of the Settlement Class Period, have validly requested exclusion from the Settlement Class.  *See* Supp. Blow Decl. ¶ 6. The very low number of opt-outs supports final approval of both the Settlement and the Plan of Allocation.  *See In re N. Dynasty Mins. Ltd. Sec. Litig.*, 2024 WL 308242, at *10 (E.D.N.Y. Jan. 26, 2024) (Merkl, M.J.) (that there were "only three valid requests for exclusion" after distributing 78,049 copies of the notice "favors" settlement approval); *Precision Assocs.*, 2013 WL 4525323, at *13 (conclusion that plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs"); *see also Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement" and collecting cases).

## V.    CONCLUSION

For all the foregoing reasons, and those set forth in their initial Motions, Plaintiffs respectfully request that the Court grant the Motions and enter the [Proposed] Judgement and Final Order of Dismissal.[2]

---

[2] The Settlement is conditioned on the entry of a judgement substantially in the form of the [Proposed] Judgment and Final Order of Dismissal attached as Exhibit 3 to the D'Aloia Reply Declaration.  *See* Stipulation ¶¶ 2.1, 7.1(e).

Dated: February 8, 2024

Respectfully submitted,

**POMERANTZ LLP**

 */s/* Justin D. D'Aloia
Jeremy A. Lieberman
Justin D. D'Aloia
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
jdaloia@pomlaw.com

*Counsel for Lead Plaintiff Davian Holdings and Co-Lead Counsel for the Settlement Class*

**LEVI & KORSINSKY, LLP**

 /s/ Nicholas I. Porritt
Nicholas I. Porritt
Shannon Hopkins
Adam M. Apton
Max E. Weiss
33 Whitehall Street, 17th Floor
New York, New York 10004
Telephone:  (212) 363-7500
Facsimile:   (212) 363-7171
nporritt@zlk.com
shopkins@zlk.com
aapton@zlk.com
mweiss@zlk.com

*Counsel for Lead Plaintiffs Derson Jolteus and Edward Ko and Co-Lead Counsel for the Settlement Class*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Davian Holdings*

- 5 -

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

         /s/ Justin D'Aloia
         Justin D'Aloia